Kendall GUTIERREZ, Appellant,

v.

H.L. Brooks GUTIERREZ, Appellee.

No. 08–00–00329–CV.

Court of Appeals of Texas, El Paso.

July 25, 2002.

See also, 86 S.W.3d 721.

Mary C. Baker, El Paso, for appellant.

Angelica J. Barill, Mara Asya Blatt, Smith & Gopin, C. Jeff Minor, Semko & Minor, PC, El Paso, for appellee.

Before Panel No. 2 BARAJAS, C.J., McCLURE, and CHEW, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

We issue two opinions today involving the same parties and the same underlying trial.[1] These two appeals were consolidated for purposes of briefing and oral argument. In this appeal, Kendall Gutierrez (Gutierrez) challenges an award of attorney's fees in favor of Helen Louise Brooks, formerly Helen Brooks Gutierrez, (Brooks) following a jury trial in a custody case. The first three points of error from Gutierrez's consolidated brief relate to our review here. Because the only background necessary to our analysis involves the procedural posture of a discovery dispute and the transitional application of the new discovery rules promulgated by the Texas Supreme Court, effective January 1, 1999, we will dispense with our customary factual summary, leaving it for recitation in the appeal on the merits of the underlying custody suit. We affirm.

## PROCEDURAL SUMMARY

### Nature of the Interrogatories

On October 21, 1998, Gutierrez served written interrogatories on Brooks. Pertinent to this appeal, Interrogatory No. 5 asked Brooks to identify any experts she planned to call as witnesses, to state the subject matter on which they would testify, and to state the facts known to each expert that related to or formed the basis of the expert's impressions and opinions. Interrogatory No. 14 inquired about the identity of persons having knowledge of facts relevant to the issue of conservatorship. When Brooks answered the interrogatories on December 1, 1998, her response to Interrogatory No. 5 indicated, "None. Will supplement if necessary." Her response to Interrogatory No. 14 identified Rosa Gutierrez,[2] a chief of police, a minister, a landlord, and a teacher. The new discovery rules became effective one month later.

### The Discovery Control Plan

■ On August 23, 1999, the trial court signed a Discovery Control Plan and Scheduling Order. Discovery was categorized at Level Two and December 17, 1999 was set as the deadline for completion of discovery. The order provided:

. . .

2) **EXPERTS.** Experts not listed in compliance with this paragraph will not be permitted to testify absent a showing of good cause. This designation is not a substitute for responses to requests for disclosure.

a) DESIGNATION. A list containing the information specified under Tex. R.Civ.P. 194.2(1)[3] concerning each expert must be filed and served:

194.2.  Content
A party may request disclosure of any or all of the following:
. . .
(f) for any testifying expert:
(1) the expert's name, address, and telephone number;
(2) the subject matter on which the expert will testify;

---

1.  See also Gutierrez v. Brooks, 86 S.W.3d 721, (Tex.App.-El Paso, 2002, no pet.h.).

2.  The record does not reveal whether Rosa Gutierrez is a friend or family member.

3.  Although the Discovery Control Plan references Rule 194.2(1), we assume reference should have been made to Rule 194.2(f)(1):
**RULE 194. REQUESTS FOR DISCLO-SURE**

i) _X_ In accordance with Tex.R.Civ.P. 195.2[4]

. . .

7) **TRIAL FACT WITNESS LISTS.** A list including the information required under Tex.R.Civ.P. 194.2[5] for each fact witness who may be called to testify at trial must be filed by this date. Fact witnesses not listed in compliance with this paragraph will not be permitted to testify absent a showing of good cause. This list is not a substitute for responses to requests for disclosure or interrogatories. (90 days before trial).

### Trial Fact Witness Lists

On October 25, 1999, Brooks timely filed a fact witness list which named her attorney, Angelica Juarez Barill, as a witness with regard to "[k]nowledge of attorney

(3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to the control of the responding party, documents reflecting such information;
(4) if the expert is retained by, employed by, or otherwise subject to the control of the responding party:
(A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
(B) the expert's current resume and bibliography.
_See_ Tex.R.Civ.P. 194.2(f)(1).

4. This rule provides:
**RULE 195. DISCOVERY REGARDING TESTIFYING EXPERT WITNESSES**

. . .

**195.2 Schedule for Designating Experts**
Unless otherwise ordered by the court, a party must designate experts—that is, furnish information requested under Rule 194.2(f)—by the later of the following two dates: 30 days after the request is served, or—

fees and that such fees are reasonable in the community; and that they were necessary in defending this case; also, as to court costs and expert fees." Gutierrez untimely filed his fact witness list on November 29, 1999, and apparently filed a motion to extend the filing deadline.[6] Brooks filed a written objection to the extension.

### Supplemental Discovery Response

On December 17, 1999, Brooks filed supplemental answers to several interrogatories but she did not supplement her response to No. 5. However, in her supplemental answer to Interrogatory No. 14, she again identified Barill as a person having "[k]nowledge of attorney fees and that such fees are reasonable in the community; and that they were necessary in

(a) with regard to all experts testifying for a party seeking affirmative relief, 90 days before the end of the discovery period;
(b) with regard to all other experts, 60 days before the end of the discovery period.
_See_ Tex.R.Civ P. 195.2. Because Brooks was seeking affirmative relief in requesting attorney's fees, Subsection (a) applies. Thus, she was required to designate her expert ninety days before December 17, 1999.

5. We presume an intended reference to Rule 194.2(e):
**RULE 194. REQUESTS FOR DISCLOSURE**

. . .

**194.2. Content**
A party may request disclosure of any or all of the following:

. . .

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.
_See_ Tex.R.Civ.P. 194.2(e).

6. The motion to extend does not appear in the record, but for purposes of this decision, we assume that it was filed simultaneously with the witness list.

defending this case; also, as to court costs and expert fees." A few days later, Gutierrez filed a motion to exclude witnesses because Brooks had not timely filed the response, and had failed to amend or supplement the responses as provided for by Tex.R.Civ.P. 193.5.[7]

### Debating the Discovery Disputes

■ During a pretrial hearing conducted on January 24, 2000, the trial court considered Gutierrez's motion *in limine*. Although the record does not contain the motion and Gutierrez has not provided us with a complete record of this hearing, he apparently requested that Brooks be prohibited from mentioning any expert witness to the jury unless the witness had been properly identified and qualified. Brooks had no objection to this aspect of the motion and the trial court granted it.[8] During the charge conference on January 28, the parties and the judge again discussed the issue of attorney's fees and the ability of Barill to offer testimony since she had not been identified as an expert witness in the initial response to Interrog-

atory No. 5 nor in any supplemental response. Noting that Barill had been identified as a fact witness on the issue of attorney's fees, the trial court determined that exclusion of Barill's testimony would "elevate form over substance" because Gutierrez had notice that Barill intended to offer not only factual testimony but also an expert opinion on attorney's fees. Barill was permitted to testify. The jury awarded Gutierrez and Brooks attorney's fees in the sum of $15,000 each. The trial court awarded Brooks judgment against Gutierrez for $15,000 for the benefit of Brooks' attorney, but offset the award by $7,450.88 which Brooks owed to Gutierrez in connection with a contempt order.

### EXPERT TESTIMONY ON ATTORNEY'S FEES

■ In three points of error, Gutierrez complains that the trial court erred in permitting expert testimony on the issue of attorney's fees because Brooks failed to identify an expert in response to an interrogatory. We must first determine whether the new discovery rules apply. Gutier-

---

7. We assume an intended reference to Rule 193.5(b):

   **RULE 193. WRITTEN DISCOVERY: RESPONSE; OBJECTION; ASSERTION OF PRIVILEGE; SUPPLEMENTATION AND AMENDMENT; FAILURE TO TIMELY RESPOND; PRESUMPTION OF AUTHENTICITY**

   . . .

   **193.5. Amending or Supplementing Responses to Written Discovery**

   . . .

   (b) *Time and Form of Amended or Supplemental Response.* An amended or supplemental response must be made reasonably promptly after the party discovers the necessity for such a response. Except as otherwise provided by these rules, it is presumed that an amended or supplemental response made less than 30 days before trial was not made reasonably promptly. . . .

*See* Tex.R.Civ.P. 193.5(b).

8. In his brief, Gutierrez characterizes the trial court's ruling as one which excluded the testimony of any expert, including Barill, if the witness had not been properly identified. He further maintains that Brooks had no objection to exclusion of this evidence. A ruling on a motion *in limine* does not exclude evidence nor does it preserve error in the subsequent admission of evidence. *See Hartford Accident and Indemnity Co. v. McCardell*, 369 S.W.2d 331, 335 (Tex.1963); *Wyler Industrial Works, Inc. v. Garcia*, 999 S.W.2d 494, 511 (Tex.App.-El Paso 1999, no pet.). An order *in limine* merely requires counsel to approach the bench before any matters within the scope of the order are mentioned in front of the jury. Thus, the trial court's ruling did not exclude evidence nor did Brooks agree to its exclusion.

rez concedes that the new rules apply to written discovery responses and supplementation made on or after January 1, 1999. However, he argues that since Brooks filed her initial answers to interrogatories on December 1, 1998 and never supplemented her answer to Interrogatory No. Five, the new rules do not apply. He also claims that application of the new rules would have disrupted discovery already in progress. Brooks, on the other hand, maintains that this case falls under the new rules, that amendment and supplementation of expert witness discovery is governed by new Rule 193.5,[9] and that the issue of exclusion must be determined under new Rule 193.6:

### 193.6 Failing to Timely Respond— Effect on Trial

(a) *Exclusion of Evidence and Exceptions.* A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce in evidence the material or information that was not timely disclosed, or offer the testimony of a witness (other than a named party) who was not timely identified, unless the court finds that:

> (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or

> (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties.

TEX.R.CIV.P. 193.6(a). This rule provides an alternative to the draconian sanction of automatic exclusion under former Rule 215(5) which required a showing of good cause. *See Elliott v. Elliott,* 21 S.W.3d 913, 921 n. 7 (Tex.App.-Fort Worth 2000, pet. denied). Simply stated, new Rule

193.6 is less burdensome than the former rule. *Id.*

#### The New Discovery Rules Apply

We begin with Gutierrez's argument that because Brooks never supplemented Interrogatory No. 5, the new rules do not apply. First, Brooks supplemented her answers to interrogatories on December 17, 1999, and although she did not supplement her answer to No. Five, she did supplement her answer to No. 14. It is this supplementation which forms the basis for the trial court's ruling to allow Barill to testify. He determined that Barill had been misdesignated as a fact witness rather than as an expert witness, but that the nature of her testimony was clearly disclosed. Gutierrez does not suggest that this supplementation was not controlled by the new rules.

■ Nevertheless, we shall address the transitional effect of the new rules. By miscellaneous order entered on November 9, 1998, the Supreme Court determined the circumstances and manner in which the rules would be applied. Pertinent to this appeal, Paragraphs 4(d) and (e) provide as follows:

> d. Rule 193 is effective January 1, 1999, except that a response to a discovery request, an objection to a discovery request, an assertion of privilege, or an amendment or supplementation to a discovery response made before that date need not comply with the new rule;

> e. Rule 195 is effective January 1, 1999, except that: interrogatories that have been served but not answered as of that date and request information pertaining to experts should be answered; and the rule should not be applied to disrupt expert discovery that is in progress or impending; or that has been

---

9. The text of this rule is set out in the margin   at footnote seven.

scheduled by order or by agreement of the parties....

*See* Order in Misc. Docket 98–9196 (Nov. 9, 1998), 977–78 S.W.2d (Tex.Cases) XXXII-II–XXXIV. To smooth the transition to the new rules, Justice Nathan L. Hecht[10] and Robert H. Pemberton[11] spoke at dozens of continuing legal education programs and authored several papers which were posted to the Supreme Court's website.[12] The most recent article directly addresses the transitional application of Rule 193.

Rule 193, the new rule governing response, objections, and privilege claims against written discovery, applies except to the extent that:

(1) a response to a discovery request;

(2) an objection to a discovery request;

(3) an assertion of privilege; or

(4) an amendment or supplementation of a discovery request made prior to January 1 need not conform with the new rule. But responses, objections, assertions of privilege—and, importantly, supplementations and amendments of discovery responses made after January 1—must comply with Rule 193. This aspect of the transition to Rule 193 has been misunderstood by some lawyers.

. . .

But, as suggested above, paragraph 4(d) speaks only to whether the pre–1999 response, objection, privilege claim, amendment or supplementation is considered proper—any responses, objections, privilege claims, amendments or supplementations made *after* January 1 must comply with Rule 193. Rather, paragraph 4(d) merely provides that parties do not have a duty to supplement pre–1999 discovery responses . . . that were adequate under the former discovery rules for the sole purpose of bringing them into compliance with Rule 193's standards. But if the party has a duty to supplement deriving from some other rule, the party must supplement, and must do so in compliance with Rule 193. [Emphasis in original].

Robert H. Pemberton, *The First Year Under the New Discovery Rules: The Big Issues Thus Far*, p. 8, 11 (January 1, 2000), <*http://www.supreme.courts.state.tx.us/rules/tdr/index.html.*> Consequently, Brooks' supplemental responses were to be made "reasonably promptly" after she discovered the necessity for the response. *See* Tex.R.Civ.P. 193.5(b).[13]

---

**10.** Throughout his tenure on the Supreme Court, Justice Hecht has served as the court's liaison to the Supreme Court Rules Advisory Committee and the State Bar Committee on Court Rules.

**11.** Mr. Pemberton served as the Rules Attorney for the Supreme Court throughout the rewrite of the new discovery rules.

**12.** *See* Hon. Nathan L. Hecht and Robert H. Pemberton, *A Guide to the 1999 Texas Discovery Rules Revisions;* Hon. Nathan L. Hecht and Robert H. Pemberton, *The First 100 Days Under the New Discovery Rules: The Big Issues Thus Far;* and Robert H. Pemberton, *The First Year Under the New Discovery Rules: The Big Issues Thus Far,* posted at <http://www.su-

preme.courts.tx.us/rules/tdr/index.html>.

**13.** The rule contains an express presumption that a supplemental response made less than thirty days before trial *was not* made "reasonably promptly." One court has concluded that the converse is not equally true—there is no presumption that supplementation more than thirty days before trial *was* made reasonably promptly. *Snider v. Stanley,* 44 S.W.3d 713, 715 (Tex.App.-Beaumont 2001, no pet. h.). Brooks supplemented thirty-eight days before trial—on the very day the discovery period expired. Whether this was reasonably prompt is irrelevant to our analysis inasmuch as we consider her total failure to designate Barill as an expert witness under the same rule that we would consider whether her sup-

■ Turning to Gutierrez's second argument, he directs our attention to paragraph 4(e) of the Miscellaneous Docket Order and contends that application of Rule 195 is inappropriate because it disrupted pending expert discovery. We note that the trial court's Discovery Control Plan and Scheduling Order contemplated that the parties proceed under the new discovery rules. We have already set out via footnote the provisions of the new rules referenced in that order. The record does not indicate that anyone objected to application of the new rules or complained that their application would disrupt discovery in progress. Moreover, Gutierrez's motion to exclude witnesses was specifically predicated upon a purported violation of new Rule 193.5.

We conclude that the new rules pertaining to supplementation and exclusion apply. Clearly, Brooks did not supplement her interrogatories to include a designation of Barill as an expert witness on attorney's fees. She did supplement to include Barill as a fact witness on reasonable and necessary attorney's fees. Her ability to testify as either an undesignated expert or a potentially untimely designated fact witness requires that we determine whether the record establishes good cause or lack of unfair surprise or prejudice.

*Good Cause or Lack of Unfair Surprise or Prejudice*

■ In his factual recitation, Gutierrez gives the inaccurate impression that Brooks never identified Barill as a witness at all. While Brooks did not identify Barill as an *expert* witness in response to Interrogatory No. 5, she did identify her as a *fact* witness and made it clear that she would testify on the issue of attorney's fees. From the description provided, it is apparent that Barill's testimony would en-

compass both fact and opinion. As further evidence that Gutierrez was not unfairly surprised by Barill's identification as a fact witness rather than as an expert witness, we note that *both* parties listed their attorney's fees experts in their trial fact witness lists as required by the Discovery Control Plan and Scheduling Order. We find no abuse of discretion in the trial court's determination that Barill's testimony presented no unfair surprise. *See Elliott*, 21 S.W.3d at 921 (error for trial court to exclude opinions and diagnoses of petitioner's healthcare providers because of a failure to identify them as experts in light of her pleadings, which placed her mental health condition in issue, and her specific listing of each health care provider in response to another interrogatory asking that she identify them); *Rutledge v. Staner*, 9 S.W.3d 469, 472 (Tex.App.-Tyler 1999, pet. denied)(error for trial court to exclude testimony of witness who, although not listed by defendant as a potential witness with knowledge of relevant facts, had been listed by the plaintiff such that there could be no unfair surprise or prejudice).

■ Finally, Gutierrez suggests that admission of Barill's testimony was improper because she did not testify that she inadvertently listed herself as a fact witness rather than an expert witness. The rule does not require her testimony; it requires that she bear the burden of establishing the exception. Barill pointed out to the trial court that she had indeed listed herself as a fact witness regarding reasonable and necessary attorney's fees. This goes to the issue of lack of surprise and prejudice. While her testimony may have been necessary to establish good cause as a result of inadvertence or mistake, it was not necessary to establish a lack of surprise. Consequently, the finding of the

plemental responses addressing fact witnesses were reasonably prompt—Rule 193.6.

trial court is supported by the record and we find no abuse of discretion. Points of Error One, Two, and Three are overruled and the judgment is affirmed.