Affirmed and Memorandum Opinion filed October 14, 2003














Affirmed and
Memorandum Opinion filed October 14, 2003.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-02-01285-CV

_______________

 

KEIRA A.
SCHWARTZ, Appellant

 

V.

 

DONALD HUND, D.C. AND SPRING BRANCH CHIROPRACTIC, Appellees

__________________________________________________

 

On Appeal from
the 55th District Court

Harris County, Texas

Trial Court
Cause No. 01-08806

__________________________________________________

 

M E M O R A N D U M   O P I N I O
N

            Appellant Keira
Schwartz appeals a judgment in favor of appellees
Donald Hund and his chiropractic clinic.  In three issues, Schwartz contends that the
trial court erred in excluding certain testimony from her family physician
because (1) the testimony was an exception to the “same school rule”; (2) her
physician was qualified to testify about Dr. Hund’s
chiropractic treatment; and (3) factual weaknesses in her physician’s testimony
went to weight and credibility, rather than admissibility.  We affirm. 




 








            After a car accident, Schwartz
sought treatment for headaches, neck pain, and shoulder pain from Dr. Donald Hund, a chiropractor. 
After four months of treatment, and after a specific manipulation of her
spine, Schwartz’s lower back began to hurt. 
She sought follow-up treatment from her family physician, Dr. Lynn
Gibbs.  Ultimately, an MRI revealed disc
protrusions in Schwartz’s lower back. 
Her theory at trial was that Dr. Hund caused
the disc protrusions through his chiropractic manipulations.  Ultimately, the jury assigned no negligence
to Dr. Hund. 

            We first address whether Schwartz
preserved error.  Before trial, the court
granted a motion in limine regarding Dr. Gibbs’s
testimony on causation and breach of the standard of care as follows: “I’m
going to grant the motion right now. 
Let’s hear what Dr. Gibbs’s testimony is and I’ll take it up when we
hear his testimony.”  A ruling in limine merely precludes reference to the subject of the
motion unless the party first obtains a ruling on admissibility outside the
presence of the jury.  Owens-Corning Fiberglas Corp. v. Malone,
916 S.W.2d 551, 557 (Tex. App.—Houston [1st Dist.] 1996), aff’d, 972 S.W.2d 35 (Tex.
1998).  At trial, Schwartz did not
revisit the issue as contemplated in the trial court’s ruling in limine.  Although
Schwartz made an offer of proof, there was never an oral or written ruling
excluding Dr. Gibbs’s testimony.  See Perez v. Lopez, 74 S.W.3d 60, 66 (Tex. App.—El
Paso 2002, no pet.); Richards v. Comm’n for Lawyer Discipline, 35 S.W.3d 243, 252 (Tex. App.—Houston [14th
Dist.] 2000, no pet.) (before a bill of exceptions is
required, there must be an offer during the evidentiary portion of trial and an
adverse ruling).  A ruling on a motion in
limine does not exclude evidence, Gutierrez v. Gutierrez, 86 S.W.3d 729,
733 n.8 (Tex. App.—El Paso 2002, no pet.), nor does it preserve error for
appeal.  Hiroms v. Scheffey,
76 S.W.3d 486, 489 (Tex. App.—Houston [14th Dist.] 2002, no pet.).








            Because there is no ruling in the
record excluding Dr. Gibbs’s testimony, we overrule Schwartz’s three
issues.  Accordingly, the trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Charles W. Seymore

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed October 14, 2003.

Panel
consists of Chief Justice Brister and Justices Anderson and Seymore.