

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00175-CV

_____

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, Appellant

V.

LESLEY HOWELL-HERRING, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-000793-1

Before Kerr, Womack, and Walker, JJ.
Memorandum Opinion by Justice Kerr

## MEMORANDUM OPINION

Appellee Lesley Howell-Herring sued appellant Allstate Fire and Casualty Insurance Company to establish her right to and to recover uninsured/underinsured motorist (UM/UIM) benefits under her Allstate automobile policy. Following a jury trial to determine damages, the trial court granted Howell-Herring declaratory relief and attorney's fees under the Uniform Declaratory Judgments Act (UDJA). *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001–.011. In what we construe as three issues, Allstate argues that the trial court erred by awarding declaratory relief and attorney's fees because the UDJA is not available for establishing the right to UM/UIM benefits and because even if such relief is available, the trial court's attorney's-fees award was an abuse of discretion because Howell-Herring's attorney's-fees evidence should have been excluded under Texas Rule of Civil Procedure 193.6, *see* Tex. R. Civ. P. 193.6, 61 Tex. B.J. 1152 (Tex. 1999, amended 2021),[1] and because Howell-Herring did not demonstrate that the attorney's-fees award was equitable and just as the UDJA requires, *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.009. Because the UDJA is an available remedy here, and the trial court did not abuse its discretion by awarding

---

[1]Each of the Texas Rules of Civil Procedure cited in this opinion was amended effective January 1, 2021. *See Final Approval of Amendments to Texas Rules of Civil Procedure 47, 99, 169, 190, 192, 193, 194, 195, 196, 197, and 198*, Misc. Docket No. 20-9153 (Tex. Dec. 23, 2020). But because those amendments apply to cases filed on or after January 1, 2021, we cite to and apply the version of the Rules of Civil Procedure in place when this case was filed in February 2018. *See id.*

Howell-Herring her attorney's fees under the UDJA, we will affirm the trial court's judgment.

## I. Background

Howell-Herring was in a motor-vehicle collision with Myles Edward Hopewell, an uninsured driver. In February 2018, Howell-Herring sued Hopewell for negligence and sued Allstate to recover UM/UIM benefits. Howell-Herring asserted claims against Allstate for violations of Chapter 541 of the Texas Insurance Code, for a declaration that she was entitled to recover UM/UIM benefits under her policy, and for attorney's fees under the UDJA. Howell-Herring took a default judgment against Hopewell but proceeded to trial on her claims against Allstate.

The trial court set the case for jury trial on Monday, October 28, 2019. The Friday afternoon before trial, Howell-Herring moved for a bifurcated trial, asserting that evidence of her attorney's fees was necessary on her UDJA claim and asking the trial court to "bifurcate the trial and have the jury consider the evidence and award attorney's fees only after a finding of [a] Chapter 541 violation and damages in tort." Although Howell-Herring had pleaded for attorney's fees, she had failed to designate an attorney's-fees expert. *See* Tex. R. Civ. P. 194.2(f), 61 Tex. B.J. 1153 (Tex. 1999, amended 2021), 195.2, 61 Tex. B.J. 1154 (Tex. 1999, amended 2021). And she did not name an attorney's-fees witness on either her original or amended witness lists or list any exhibits related to attorney's fees on either her original or amended exhibit lists.

During a pretrial hearing the morning of trial, Allstate objected to Howell-Herring's attorney's-fees claim, asserting not only that fees could not be recovered under the UDJA, but also that Allstate "never anticipated" an attorney's-fees claim and was "kind of blindsided." *See* Tex. R. Civ. P. 193.6. Despite Howell-Herring's attorney's-fees pleading, Allstate claimed that the bifurcation motion was "the first time that [it] ever thought there was seriously an attorney's fees claim" because Howell-Herring had not designated an expert. Allstate argued that had it known that fees were "going to be an issue," it would have designated a rebuttal expert and would have "done an offer of settlement under the rules to cap that." In response, Howell-Herring offered to "put on" her attorney's-fees evidence "outside of the hearing of the jury" so that the fees issue was "totally separate" and that the parties could "argue about it later." She further offered to allow Allstate's attorney "to get up and testify." After additional objections from Allstate, Howell-Herring offered to delay the attorney's-fees matter "for another time, so they can have their chance to designate somebody for rebuttal." Allstate maintained that because Howell-Herring had not designated an attorney's-fees expert, she could not recover her fees. The trial court indicated that it was "inclined" to agree with Allstate.

The parties stipulated on the record that Howell-Herring was "dropping" her Chapter 541 claim and filed signed, written stipulations regarding coverage, the amount of Personal Injury Protection benefits Allstate had paid to Howell-Herring,

4

Howell-Herring's compliance with her duties under the policy, and Hopewell's negligence being the accident's sole proximate cause.

The case proceeded to a jury trial on Howell-Herring's damages.[2] After a two-day trial, the jury determined that Howell-Herring had suffered damages totaling $49,000.[3]

Almost three months later—on January 21, 2020—Howell-Herring moved for entry of judgment and for attorney's fees. With her motion, Howell-Herring submitted a proposed final judgment with blanks for her attorney's fees. On February 14, 2020, Howell-Herring filed a brief in support of her motion, and she filed a supplemental brief on February 20, 2020. Allstate objected, arguing that (1) Howell-Herring's declaratory-judgment action and request for fees under the UDJA was "an impermissible end-run around *Brainard v. Trinity Universal Insurance Co.*, 216 S.W.3d 809, 818–19 (Tex. 2006)"; (2) an attorney's-fees award would not be equitable and just as the UDJA requires, *see* Tex. Civ. Prac. & Rem. Code Ann. § 37.009; and (3) Howell-

---

[2]To establish an insurer's liability to an insured under a UM/UIM policy, an insured must first obtain determinations of the third-party driver's liability and the amount of damages. *See In re State Farm Mut. Auto. Ins. Co.*, 629 S.W.3d 866, 875 (Tex. 2021) (orig. proceeding).

[3]That finding comprised $2,000 for past physical pain and mental anguish, $2,000 for future physical pain and suffering and mental anguish, $3,000 for past physical impairment, $17,000 for past medical-care expenses, $5,000 for future medical-care expenses, and $20,000 for past earning-capacity loss.

Herring's attorney's-fees evidence should be excluded under Texas Rule of Civil Procedure 193.6, *see* Tex. R. Civ. P. 193.6.

The trial court heard Howell-Herring's motion on February 21, 2020.[4] Following the hearing, Howell-Herring filed an "Affidavit in Support of Attorney's Fees" and a "Supplement to Affidavit in Support of Attorney's Fees," on February 26, 2020, and March 24, 2020, respectively. In those affidavits, Howell-Herring claimed to have incurred $27,815 in attorney's fees through trial and would incur appellate attorney's fees if the case were appealed. Allstate reurged its objections, but on April 7, 2020—two weeks after Howell-Herring filed her supplemental affidavit—the trial court signed an order ordering Allstate to pay Howell-Herring $16,700 in attorney's fees.

On May 5, 2020, the trial court signed a final judgment awarding Howell-Herring declaratory relief and ordering that Howell-Herring recover the following from Allstate:

- $30,000, "which consists of the maximum coverage available in uninsured motorist benefits under the policy of insurance issued by [Allstate] in which [Howell-Herring] was a covered person on March 31, 2016";

---

[4]Our record does not include a transcript from this hearing. Allstate stated in its brief that it was "in the process of requesting and paying for" the transcripts from "the hearing on Herring-Howell's [sic] Motion for Attorney['s] Fee[s], as well as the hearing on Allstate's post-judgment motions," and that it would supplement the record with those transcripts. Allstate has not supplemented the record, so we contacted the court reporter. She stated that the only hearing in 2020 was held on February 21, 2020, but that it was not transcribed.

- $16,700 in reasonable and necessary attorney's fees under the UDJA, plus conditional appellate attorney's fees;

- Taxable court costs; and

- Postjudgment interest.

Allstate timely appealed and has raised what we construe as three issues[5] to which we now turn.

## II. Establishing an Insurer's Liability for UM/UIM Benefits and Recovering Attorney's Fees under the UDJA

Allstate argues in its first issue that the trial court erred by awarding Howell-Herring declaratory relief and attorney's fees because a policyholder cannot use the UDJA to establish an insurance carrier's liability for UM/UIM benefits. As noted in Allstate's brief, "[t]his case contains identical issues as were involved in" *Allstate Insurance Co. v. Irwin*, 606 S.W.3d 774 (Tex. App.—San Antonio 2019), *aff'd*, 627 S.W.3d 263 (Tex. 2021), which Allstate argues was wrongly decided. But after Allstate filed its brief and this case was submitted, the Texas Supreme Court resolved these issues by affirming the San Antonio court's holding and concluding that the UDJA can in fact be used to determine an insurance carrier's liability for UM/UIM

---

[5]According to Allstate, "the issue on appeal in this case is whether the trial court erred in allowing Herring-Howell [sic] to unnecessarily invoke the UDJA in connection with her claim for UM benefits and by also awarding her attorney's fees under the statute." But Allstate also argues that the attorney's-fees award was not equitable and just under the UDJA and that the attorney's-fees award "is based on improper evidence" that should have been excluded under Texas Rule of Civil Procedure 193.6. *See* Tex. R. Civ. P. 193.6. We thus construe Allstate's single issue as three issues.

benefits, *Irwin*, 627 S.W.3d at 266–70, and that "reasonable and necessary attorney's fees as are equitable and just" are available under the UDJA, *id.* at 270–72 (quoting Tex. Civ. Prac. & Rem. Code Ann. § 37.009). Accordingly, we overrule Allstate's first issue. *See id.* at 266–72; *Allstate Cnty. Mut. Ins. Co. v. Hill*, No. 02-20-00174-CV, 2021 WL 2978746, at *2 (Tex. App.—Fort Worth July 15, 2021, no pet.) (mem. op.) (applying the supreme court's *Irwin* holding to overrule identical arguments by Allstate).

### III. The Trial Court's Attorney's-Fees Award
### Despite No Fee-Expert Designation

In Allstate's second issue, it contends that the trial court abused its discretion by awarding Howell-Herring attorney's fees under the UDJA because her attorney's-fees evidence should have been excluded under Rule 193.6 because (1) she failed to designate an attorney's-fees expert witness or to produce evidence supporting her fees claim in response to Allstate's disclosure requests, and (2) she failed to establish good cause or lack of unfair surprise or unfair prejudice. *See* Tex. R. Civ. P. 193.6(a), (b), 195.2.

"Texas law is clear that '[t]he issue of reasonableness and necessity of attorney's fees requires expert testimony.'" *Woodhaven Partners, Ltd. v. Shamoun & Norman, L.L.P.*, 422 S.W.3d 821, 830 (Tex. App.—Dallas 2014, no pet.) (quoting *Twin City Fire Ins. Co. v. Vega-Garcia*, 223 S.W.3d 762, 770 (Tex. App.—Dallas 2007, pet. denied)); *see, e.g.*, *Woollett v. Matyastik*, 23 S.W.3d 48, 52 (Tex. App.—Austin 2000, no pet.) (op. on

reh'g) ("Expert testimony is required to support an award of attorney's fees."). The Texas Rules of Civil Procedure provide that unless the trial court orders otherwise, a party must designate experts testifying for a party seeking affirmative relief—"that is, furnish information requested under Rule 194.2(f)"[6]—by the later of 30 days after the request's service or 90 days before the discovery period's end. Tex. R. Civ. P. 195.2(a). A party who fails to make, amend, or supplement a discovery response in a timely manner may not introduce into evidence the material or information that was not timely disclosed, unless the trial court finds that (1) there was good cause for the failure to timely disclose or (2) the failure will not unfairly surprise or unfairly prejudice the other parties. Tex. R. Civ. P. 193.6(a). The burden of establishing good cause or the lack of unfair surprise or unfair prejudice is on the party seeking to introduce the evidence or call the witness. Tex. R. Civ. P. 193.6(b).

Determining whether a party has met this burden is within the trial court's discretion, but the record must support a finding of good cause or lack of unfair surprise or unfair prejudice. *See Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 807 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Rhey v. Redic*, 408 S.W.3d 440, 459 (Tex. App.—El Paso 2013, no pet.); *see also* Tex. R. Civ. P. 193.6(b). We thus

---

[6]For a retained testifying expert, Rule 194.2(f) requires a party to provide the expert's name, address, and telephone number; the subject matter of the expert's testimony; the expert's mental impressions and opinions and a brief summary of the basis for them; all documents, reports, or compilations provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and the expert's current resume and bibliography. *See* Tex. R. Civ. P. 194.2(f).

9

review a trial court's finding under Rule 193.6 for an abuse of discretion. *Arshad*, 580 S.W.3d at 807; *see Gharda USA, Inc. v. Control Sols., Inc.*, 464 S.W.3d 338, 347 (Tex. 2015) (stating that a trial court's rulings on the admissibility of evidence are reviewed for an abuse of discretion). A trial court abuses its discretion if it acts without reference to any guiding rules or principles—that is, if its act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). We must uphold a trial court's evidentiary ruling if the record shows any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). We cannot conclude that a trial court abused its discretion merely because we would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

Here, Allstate objected under Rule 193.6 to Howell-Herring's attorney's-fees evidence, arguing that the evidence should be excluded because Howell-Herring had failed to timely designate an attorney's-fees expert; had failed to timely identify her attorney as a fact witness on the issue of attorney's fees; and had failed to provide complete disclosure regarding her evidence in support of her attorney's-fees claim.[7]

---

[7]On appeal, Howell-Herring "does not dispute that her counsel was not designated as an expert." She claims that because the record contains only her sixth *supplemental* disclosure responses and none of her earlier responses, the record does not support Allstate's contention that Howell-Herring's counsel was never disclosed as a *fact* witness. *See Gutierrez v. Gutierrez*, 86 S.W.3d 729, 736 (Tex. App.—El Paso 2002, no pet.) (concluding that there was no unfair surprise and thus no abuse of

The trial court never expressly ruled on Allstate's Rule 193.6 objections, but it did sign an order granting Howell-Herring's fees motion "having considered the record in this cause" and then a final judgment ordering Allstate to pay Howell-Herring's attorney's fees. Assuming without deciding that in so doing the trial court implicitly overruled Allstate's Rule 193.6 objections and that Allstate's complaint is thus preserved for our review,[8] we conclude that under these facts, the trial court did not abuse its discretion to the extent that it impliedly found that Howell-Herring's failure to designate an attorney's-fees expert did not unfairly surprise Allstate.

Since Howell-Herring first sued in February 2018, she had pleaded for attorney's fees under the UDJA. At the October 2019 trial, Allstate claimed that it was blindsided by Howell-Herring's attorney's-fees claim because she had not disclosed a fees expert. Howell-Herring then offered to delay the attorney's-fees issue "for another time," so that Allstate could "designate somebody for rebuttal." From the

---

discretion to allow expert testimony on attorney's fees when witness was not identified as an expert in discovery responses but was identified as a fact witness who would testify as to attorney's fees).

[8]*But see Trevino v. City of Pearland*, 531 S.W.3d 290, 300 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("In short, a trial court's ruling on [Rule 193.6] objections to evidence at a bench trial or on a motion to exclude [attorney's-fees] evidence is not implicit in its judgment on the merits after the bench trial; it is not reasonable to conclude that the trial court sustained or overruled the objections or granted or denied the motion to exclude based on the trial court's judgment on the merits. Thus, it is not reasonable to conclude that by awarding the City attorney's fees the trial court implicitly denied the Trevinos' motion to exclude or overruled their objections." (citations omitted)).

11

record, it does not appear that Allstate did so, and by the time of the hearing on Howell-Herring's motion to enter judgment in late February 2020, Allstate had known for four months that Howell-Herring was seeking attorney's fees. After that hearing (of which we have no transcript), the trial court didn't grant Howell-Herring's attorney's fees motion until April 7, 2020—two weeks after it had received Howell-Herring's supplemental attorney's-fees affidavit. We conclude that under these unique circumstances, the trial court did not abuse its discretion by impliedly finding a lack of unfair surprise. *Cf. Rhey*, 408 S.W.3d at 459 (concluding that trial court did not abuse its discretion by overruling Rule 193.6 objection to an attorney's-fees expert where attorney's-fees request was in original petition filed five months before trial and the attorney's-fees expert had been disclosed 31 days before trial); *City of El Paso v. Parsons*, 353 S.W.3d 215, 229 (Tex. App.—El Paso 2011, no pet.) (holding that trial court did not abuse its discretion by implicitly finding good cause and no unfair surprise under Rule 193.6 where plaintiff filed application for attorney's fees and costs after jury verdict was received; the original petition showed that attorney's fees were being sought as part of the relief requested, and the court, to cure any alleged surprise, gave parties six weeks to conduct additional discovery before hearing on plaintiff's application); *Beard Fam. P'ship v. Com. Indem. Ins. Co.*, 116 S.W.3d 839, 850 (Tex. App.—Austin 2003, no pet.) (holding that trial court did not abuse its discretion by admitting expert testimony on attorney's fees despite untimely designation of expert 30 days before trial; after offering a postponement of testimony to allow opponent to

depose expert, the trial court found good cause because failure to timely designate was due to inadvertence of counsel, and that there was no unfair surprise or prejudice because the proponent's pleadings contained an attorney's-fees request from the suit's inception). We thus overrule Allstate's second issue.[9]

## IV. The Trial Court's Attorney's-Fees Award Under the UDJA

Allstate asserts in its third issue that Howell-Herring failed to establish that the trial court's attorney's-fees award was equitable and just as the UDJA requires and that the trial court thus abused its discretion by awarding her attorney's fees.

Under the UDJA, a trial court "may award . . . reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009. The UDJA "entrusts attorney[-]fee awards to the trial court's sound discretion, subject to the requirements that any fees awarded be reasonable and necessary, which are matters of fact, and to the additional requirements that fees be equitable and just, which are matters of law." *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). Whether to award fees and what amount is equitable and just are questions committed to the trial court's discretion. *See Ridge Oil Co., Inc. v. Guinn Invs.*, 148 S.W.3d 143, 161–62 (Tex. 2004). Whether it is "equitable and just" to award attorney's fees depends not on direct proof but on the concept of fairness given all the circumstances. *Id.* at 162.

---

[9]On appeal, Allstate does not argue that the attorney's-fees award was not reasonable or necessary nor does it otherwise attack the sufficiency of Howell-Herring's attorney's-fees evidence.

We thus review a trial court's award of attorney's fees under the UDJA for an abuse of discretion. *See Bocquet*, 972 S.W.2d at 20–21. A trial court abuses its discretion by awarding fees under the UDJA when the award is inequitable or unjust. *Id.* at 21.

Allstate argues that the fees award here was neither equitable nor just because (1) Howell-Herring's legal entitlement to recover UM/UIM benefits is insufficient to support the award because "UM/UIM insurance is simply supposed to put the insured in the same place she would [have] been if the UM/UIM motorist had been properly insured" and (2) "all [Allstate] was doing [was] following the law set out by the Texas Supreme Court" before *Irwin*, which was pending in the Texas Supreme Court at the time the trial court awarded Howell-Herring attorney's fees. *See* 627 S.W.3d at 265–66. As noted, in *Irwin*, the supreme court held that the UDJA can be used to determine an insurance carrier's liability for UM/UIM benefits, *id.* at 266–70, and that reasonable and necessary attorney's fees as are equitable and just are available under the UDJA in such actions, *id.* at 270–72. Because attorney's fees are available under the UDJA here, *see id.*, and whether it is equitable and just to award attorney's fees is left to the trial court's discretion and depends not on direct proof, but on the matter of fairness given all the circumstances, *see Ridge Oil Co.*, 148 S.W.3d at 162, we conclude that that the trial court did not abuse its discretion by awarding Howell-Herring her attorney's fees. We thus overrule Allstate's third issue.

### V. Conclusion

Having overruled Allstate's three issues, we affirm the trial court's judgment.

14

/s/ Elizabeth Kerr
Elizabeth Kerr
Justice

Delivered: April 21, 2022