

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-08-394-CV

IN RE KINGS RIDGE HOMEOWNERS                                        RELATOR
ASSOCIATION, INC.

------------

ORIGINAL PROCEEDING

------------

## OPINION

------------

Relator Kings Ridge Homeowners Association, Inc. ("HOA") petitions this Court for a writ of mandamus complaining that Respondent, the trial judge of the 362nd District Court, Denton County, abused his discretion by improperly striking HOA's sole expert witness. HOA seeks an order directing the trial judge to vacate that order. We conditionally grant HOA's petition for writ of mandamus.

**Prosper files suit**

Plaintiff Prosper Land Company, Ltd. ("Prosper") is the developer of Kings Ridge subdivision in Plano, Denton County. Prosper filed the underlying suit in January 2004 against developers and building contractors of an adjacent uphill

development known as Kings Gate, along with Kings Gate lot owners Luis and Teresita Mignucci, Steven M. and Jill Ann Free, Harry Crosby, and Herbert D. Locke ("Defendants").[1] The lot owners live on elevated lots on the western boundary of Kings Gate, which abuts the eastern boundary of Kings Ridge. Prosper alleged that improvements, including retaining walls, built by Defendants on their elevated property in Kings Gate, caused water drainage resulting in damage to the downhill Kings Ridge subdivision. Prosper alleged breach of a Drainage and Surface Flow Agreement entered into between prior owners of Kings Gate and Kings Ridge, violations of the Texas Water Code, negligence, negligence per se, nuisance, breach of contract, and trespass.

HOA owns a sixty-two-foot maintenance easement across the rear of the eastern lots in Kings Ridge abutting the Kings Gate subdivision. HOA is responsible for maintaining the landscaping, irrigation system, and millsap walls within that area of land directly below Kings Gate. HOA asserts, and Defendants do not dispute, that Prosper currently takes responsibility for and covers the cost of maintenance of the easement but that, when the last of the lots in Kings Ridge subdivision is sold, responsibility for landscape, irrigation, and wall maintenance will ultimately become that of HOA and the Kings Ridge homeowners.

---

[1] Other defendants settled prior to the filing of the petition for writ of mandamus and are not discussed herein.

2

During discovery, Prosper's corporate representative, David Whitsett, disclosed in his deposition that Prosper brought some of its claims on behalf of HOA, that HOA had orally assigned its claims for damages to Prosper in 2001, and that HOA and Prosper later entered into a written agreement documenting the assignment, signed in 2005. Prosper produced a copy of the agreement to Defendants in November 2005. By the written agreement, HOA assigned "any and all subsequent money due or owing to [HOA] and all claims, demands and causes of action of whatsoever kind which [HOA] may have or may have come to have against any person or party . . . " and retained a fifty percent interest in the net recovery after attorney's fees.

**HOA is Brought in by Defendants**

On April 8, 2005, the trial court signed an agreed Level 3 scheduling order addressing various pretrial deadlines. Trial was initially set for January 16, 2006; for reasons unexplained in the record, it was later reset for April 9, 2007. Some two years after learning of the assignment of claims by HOA to Prosper, and a week before the trial setting, Defendants filed amended pleadings and a plea to the jurisdiction challenging Prosper's standing to maintain its suit based on the purported assignment. Defendants argued that the written assignment was not executed until after Prosper had filed suit and after limitations had run and was ineffective to transfer all or some of the claims.

3

Prosper responded with a plea in abatement, contending that because Defendants were not parties to the assignment, they lacked any justiciable interest to challenge its validity or effective date. On April 3, 2007, during the hearing on Prosper's plea in abatement, Prosper suggested that the question raised regarding the effective date of the assignment created a "defect of parties" because one of the parties to the contract, HOA, was not before the court. Defendants ultimately agreed to join HOA. The trial court then ruled that HOA be included as a party. Defendants agreed to prepare the order and to have HOA served immediately. The trial setting was cancelled by agreement.

On April 13, 2007, Defendants filed their notice of joinder of HOA as a party in which they stated, "At a pretrial hearing on April 3, 2007, the Court ordered [HOA] be joined as a party to this suit to be given the opportunity to protect its interest, if any, in the claims being asserted against Defendants in this suit." The prayer of the notice generally requested that HOA be cited to appear as a party plaintiff and that it "file such pleading as is proper to express its position as to the claims being asserted against Defendants in this suit, and for such other and further relief as may be proper." HOA was served on May 15, 2007, and filed a general response to the joinder on June 11, 2007, initially denying that it was a proper party because it had assigned all of its claims to Prosper.

4

Following joinder of HOA, Defendants began serving HOA with discovery, including requests for disclosure on July 17, 2007, and 107 requests for production on August 24, 2007; Defendants collectively served more than 100 additional requests for production on HOA on December 27, 2007. On February 11, 2008, Defendants noticed and took the deposition of HOA's corporate representative on 118 numbered topics.

## HOA Asserts Claims
## and Designates an Expert

On January 24, 2008, HOA amended its pleadings to assert affirmative claims for declaratory and injunctive relief against Defendants. On January 25, 2008, HOA retained engineer Gary Pettit as a potential expert witness. Pettit completed his expert report on April 25, 2008. On May 30, 2008, HOA amended its response to requests for disclosures, designating Pettit as its expert witness on the issues of causation of the water damage and corrective measures to avoid future injury, and produced Pettit's report to Defendants.

## Defendants Move to Dismiss HOA
## and to Strike HOA's Expert

On June 9, 2008, Defendants moved to strike HOA's expert. Defendants asserted that HOA was governed by default Level 2 discovery deadlines under which HOA had not timely designated its expert and, further, that the designation was a disguised backdoor attempt by co-plaintiff Prosper to designate an expert for the first time, contrary to the deadlines set by the

agreed Level 3 scheduling order, which had expired.[2] By letter of July 30, 2008, HOA tendered Pettit for his deposition, suggesting several alternate dates. Defendants did not respond. On August 22, 2008, Defendants filed a plea to the jurisdiction challenging HOA's standing, contending that HOA had effectively assigned all of its claims to Prosper. Defendants agreed to reset the trial again, this time for October 20, 2008.

## Trial Court Strikes HOA's Expert

The trial court held four days of hearings on Defendants' motion to strike HOA's expert and their plea to the jurisdiction on August 28 and 29, and on September 18 and 29, 2008,[3] after which the trial court denied Defendants' plea to the jurisdiction and refused to dismiss HOA from the suit, but ruled that HOA had no claims and struck Pettit, HOA's sole expert witness. HOA thereupon filed this petition for writ of mandamus.[4]

---

[2] Following HOA's designation, Prosper moved for leave to cross-designate Pettit as its expert, to which Defendants objected.

[3] The trial court stated on August 29, "So we just need to reset everything that was set for yesterday and today to where everybody can properly be heard and go from there. So what I'm going to do is everything that was discussed yesterday is – we're going to reset all that and have it all heard."

[4] The October 20, 2008 trial setting was postponed by the court upon the filing of HOA's petition for writ of mandamus.

## Mandamus Standard of Review

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A clear abuse of discretion warranting correction by mandamus occurs when a court's decision is without basis or guiding principles of law. *See In re Seigel*, 198 S.W.3d 21, 26 (Tex. App.—El Paso 2006, orig. proceeding). With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Walker*, 827 S.W.2d at 839–40. The relator must therefore establish that the trial court could reasonably have reached only one decision. *Id.* at 840.

Even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless it is shown to be arbitrary and unreasonable. *Id.* With respect to a trial court's determination of the legal principles controlling its ruling, the standard is much less deferential. *Id.* A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id.* Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion, and may result in appellate reversal by extraordinary writ. *Id.*

7

## Contentions of the Parties

HOA contends that the trial court abused its discretion if it struck HOA's expert designation as untimely under Level 2 of the discovery rules because the case was governed by a Level 3 discovery plan that had expired before it was joined in the suit so that no deadline was in place either for discovery or for designation of its expert and no trial date had been reset at the time of its expert designation. HOA points out, regarding the lack of any deadlines, that Defendants sent numerous discovery requests after they joined HOA as a party. HOA argues that it had no advance notice or warning of any deadline until its designation was struck and that the court gave no reason other than the designation was "late" and not "fair." HOA thus urges that the trial court abused its discretion by striking the designation.

Defendants contended in the trial court, as well as in this court, that HOA defaulted to the Level 2 discovery period because HOA never requested or obtained a Level 3 discovery plan agreed upon by the parties or ordered by the trial court under the pretrial discovery rules.[5] Therefore, according to Defendants, HOA was governed by the nine-month discovery period under Level

---

[5] Rule 190.3 defines the Level 2 discovery period and provides that, unless a suit is governed by a discovery control plan under Rules 190.2 ($50,000 or less) or 190.4 (discovery control plan by order), discovery must be conducted within a discovery period beginning when suit is filed and continuing, except for family code cases, until the earlier of thirty days before trial or nine months after the earlier of the first oral deposition or the due date of the first response to written discovery. Tex. R. Civ. P. 190.3(a), (b)(1)(B).

2, which Defendants contend ended on May 20, 2008. Under Defendant's theory, HOA was required to designate its expert by February 20, 2008, ninety days before the end of the nine-month Level 2 discovery period, which it did not do. Defendants further argue that HOA failed to show good cause for the untimely designation or that the untimely designation did not unfairly prejudice or surprise Defendants. *See* Tex. R. Civ. P. 193.6(b). Additionally or alternatively, Defendants argue that HOA and Prosper are one and the same because HOA's claims were effectively assigned to Prosper, so HOA should be bound by Prosper's expert designation deadline, which expired in 2005.

HOA responds that there is no basis and no authority for the contention that it was governed by Level 2 when the case as to all other parties was governed by Level 3. HOA further argues that the trial court's continuance of the case for eighteen months and resetting of the trial date to April 2007 vitiated the scheduling order and nullified all deadlines therein.[6] HOA also

---

[6] *See Daniels v. Yancey*, 175 S.W.3d 889, 893–94 (Tex. App.—Texarkana 2005, no pet.); *Coastal Mart, Inc. v. Hernandez*, 76 S.W.3d 691, 699 (Tex. App.—Corpus Christi 2002, pet. dism'd by agr.); *see also Litchenburg v. Conmed Corp.*, No. 01-07-00230-CV, 2008 WL 598267, at *2 (Tex. App.—Houston [1st Dist.] Mar. 6, 2008, pet. denied) (mem. op.) (noting that generally, a trial resetting has the effect of nullifying a discovery deadline set by a docket control order if the trial is reset to a date more than thirty days from the initial trial date). We note that these cases were decided before the Supreme Court recently held that although deadlines for designating expert witnesses under former pretrial discovery rules were fluid and depended on the trial date, those deadlines no longer fluctuate with the change of a trial setting but are determined by the discovery period applicable to the case under current

contends that, because the discovery deadlines expired prior to its being joined in the suit, good cause existed for the trial court to modify the discovery control plan in this case. A trial court "may modify a discovery control plan at any time and must do so when the interest of justice requires." Tex. R. Civ. P. 190.5; *Brown v. Brown*, 145 S.W.3d 745, 750 (Tex. App.—Dallas 2004, pet. denied).

Finally, HOA contends that the trial court did not strike its expert witness because it was untimely but, rather, because it ruled that HOA had no claims. That is, HOA argues that, in the absence of any proper motion, the trial court improperly interpreted the written assignment as effective to transfer all of HOA's claims to Prosper, leaving HOA with no claims on which expert testimony would be relevant.

**Analysis**

Over a year after agreeing to bring HOA into the suit and after discovery by Defendants as described above, as well as after filing numerous amended pleadings and other discovery, Defendants moved to strike HOA's expert as late and asserted its plea to the jurisdiction, claiming that HOA had no standing to be a party to the suit because of its assignment of claims to Prosper.

---

rules. *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009).

10

On August 28, 2008, the first day of the hearing on Defendants' plea to the jurisdiction and motion to strike HOA's expert, the trial court denied Defendants' plea to the jurisdiction, stating,

> Well, the thing is, is [sic] I may have been wrong with my statement they've got a dog in the hunt, but I'm going to be consistent. So I may be consistently wrong. And I'm going to deny the motion for the plea to the jurisdiction. I brought them in. I'll keep them in.

Then the trial court asked: "Why is it that I should allow them to bring in a late designation of an expert?" The trial court then heard argument on whether HOA had timely designated its expert witness. At the conclusion of argument that day, the trial court announced:

> [Court]: I'm going to grant the defendants' motion to strike the expert.
>
> . . . .
>
> [HOA counsel]: Your Honor, may I? I need some time tomorrow, then, to make a record.
>
> [Court]: Okay.
>
> [HOA counsel]: It's a Level 3 scheduling case.
>
> [Court]: I'm sorry?
>
> [HOA counsel]: Level 2 deadlines do not apply. The Daniels case that she cited is a 2005 case.
>
> [Court]: Well - -
>
> [HOA counsel]: It's after these '99 amendments.

11

[Court]: It seems to me you should have — when you hired them and did it, you should have done it then rather than wait, wait, wait, wait, wait and do it.

After further argument regarding the timeliness of the designation, the trial court again stated it was going to grant Defendants' motion to strike because it was "too late in the game."[7]

On the second day of the hearings, after further argument by all counsel, the trial court allowed counsel for HOA to partially make his bill of exceptions. Counsel testified as to the time required to familiarize himself with the four-year-old case and its voluminous files, his surprise and lack of advance warning that Defendants claimed a Level 2 deadline applied to HOA's expert in a Level 3 case or that his designation was untimely, his inability to meaningfully participate without the expert, and how expert testimony was necessary to establish causation and to protect HOA's interest. Before counsel had completed making his bill, the trial court interrupted that he wanted to reset the hearing for a full hearing as he had been rushed the previous day.

On the third day of arguments, on September 18, 2008, the parties and the trial court reviewed the record of the previous hearings. After still further

---

[7] The trial court also ruled that it was denying Prosper's motion for leave to cross-designate the expert. Prosper has not challenged that ruling by seeking mandamus relief.

12

argument regarding keeping HOA in the suit, Defendants continued to dispute the effective date of the assignment. HOA argued that the assignment should be interpreted to cover only claims for past damages, not future claims for injunctive and declaratory relief on behalf of the homeowners. The trial court also questioned whether the assignment covered future claims but announced: "I think that was the right thing to do [to bring in HOA]. I think that I did make a mistake when I said they have an interest." The trial court stated his conclusion that he was going to deny the motion to dismiss but prevent HOA from bringing claims they do not have.

With regard to his previous ruling granting the motion to strike HOA's expert witness as untimely, the trial court stated: "I withdrew . . . my ruling on the motion to strike when I reset the hearing for today. So at this point in time there's not a ruling on the motion to strike." The court agreed with HOA's counsel that HOA cannot be held to the deadlines under the Level 3 scheduling order that had already passed before HOA was added as a party. Instead, the trial court ruled that HOA could not prosecute claims that it did not own; thus, it could not designate an expert to prosecute those claims that it did not own because the trial court "just [did not] think [it was] fair." On the fourth day, HOA completed its bill.

13

The written order striking HOA's expert does not state the grounds upon which it was granted, nor did the trial court enter findings of fact and conclusions of law. After careful study of the record, we conclude that the trial court struck HOA's expert because it determined that HOA had no claims, not because the designation was untimely. However, we must uphold a trial court's ruling on any legal theory properly before it, even if the trial court gave an incorrect reason for its ruling. *See In re Wells,* 252 S.W.3d 439, 446 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (citing *Guaranty County Mut. Ins. Co. v. Reyna*, 709 S.W.2d 647, 648 (Tex. 1986)). Therefore, we will address both possible grounds for the trial court's order granting the motion to strike HOA's expert.

**Timeliness of Expert Designation**

The trial court observed, and no party disputed, that the case was in "limbo" as to any deadlines because all deadlines set forth in the Level 3 agreed scheduling order had expired long before HOA was added as a new party. Defendants argue that HOA failed to move for a Level 3 scheduling order and, therefore, defaulted to the Level 2 nine-month discovery period. *See* Tex. R. Civ. P. 190.3(a) ("Unless a suit is governed by a discovery control plan . . . discovery must be conducted in accordance with this subdivision."). We decline Defendants' invitation to hold that HOA defaulted to the Level 2 nine-

14

month deadline when the case and all other parties were governed by Level 3. *Compare* Tex. R. Civ. P. 190.3(b)(1) (time limitations for discovery by rule), *with* Tex. R. Civ. P. 190.4(b) (time limitations by order of court).

When a trial court does not sign an order adopting a Level 3 discovery control plan, the default discovery limitations of Level 1 (which does not apply here) or Level 2 apply. *See Allen v. United of Omaha Life Ins. Co.*, 236 S.W.3d 315, 326 (Tex. App.—Fort Worth 2007, pet. denied). However, here the trial court did sign an order adopting a Level 3 discovery control plan for the case before HOA's joinder. Although the deadlines in that order had expired, we disagree with Defendants that one party can be governed by a different discovery level than other parties in a case. Rule 190.1 explicitly states that "[e]very *case* must be governed by a discovery control plan as provided in this Rule." Tex. R. Civ. P. 190.1 (emphasis added). Similarly, Rule 190.3 states that, unless a "suit" is governed by a Level 1 or 3 discovery plan, it must be governed by Level 2. Tex. R. Civ. P. 190.3(a). Discovery control plans therefore apply to "cases" and "suits," not parties. There is no provision in the rules, nor have Defendants provided any case holding, that some parties in a multi-party case are governed by Level 2 while other parties in the same case are governed by Level 3. Application of different discovery and expert deadlines under different discovery levels to various parties in a multi-party suit

15

would create unacceptable confusion and proliferation of discovery disputes as this case illustrates.[8]

Moreover, the nine-month discovery period for a Level 2 case had long since expired. A Level 2 discovery period begins "when suit is filed" and continues until the earlier of thirty days before the date set for trial or nine months after the first oral deposition or the due date of the first response to written discovery. Tex. R. Civ. P. 190.3(b)(1). This suit was filed in 2004, over two years before HOA was added as a party in 2007. HOA was joined as an involuntary plaintiff;[9] its joinder was not the filing of a new "suit" that restarted a Level 2 discovery period. Contrary to Defendants' position, the trial

---

[8] Rule 195.2 governs deadlines for designating experts but provides no enlightenment. It merely provides, as relevant here, that all experts testifying for a party seeking affirmative relief must be designated by ninety days before the end of "the discovery period." Tex. R. Civ. P. 195.2(a).

[9] Texas Rule of Civil Procedure 39(a) governs joinder of necessary parties:

> **Persons to be Joined if Feasible**. A person who is subject to service of process shall be joined as a party in the action . . . if (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest . . . . If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

> Tex. R. Civ. P. 39(a).

16

court could not have found that the due date of the first response to discovery sent by Defendants after HOA was joined triggered the start of the deadline by which HOA must have designated its expert. We conclude that HOA did not fail to timely designate its expert based on a Level 2 discovery deadline because a Level 2 discovery deadline was not applicable to this case and that the trial court abused its discretion to the extent that it struck the expert because the designation was "late" in not complying with Level 2 deadlines.[10]

On the other hand, the previous Level 3 scheduling order had never applied to HOA, and HOA had no deadline in place after which it could not designate an expert, nor did it have any discovery period in place during which it could do so. HOA could have moved for a new or modified scheduling order with deadlines to allow further discovery and designation of experts, but we need not decide whether HOA's expert designation was somehow rendered untimely by HOA's failure to obtain a new or modified Level 3 scheduling order

---

[10] HOA also complains that the trial court should not have permitted Defendants to treat it as one and the same party as Prosper, with no separate set of deadlines. This complaint goes to the merits of the issue of the assignment's validity and breadth and is subsumed by HOA's contention that the trial court erred by striking the witness on the ground that HOA had no claims, which we address below.

17

since Defendants likewise failed to move for such an order.[11]  Certainly, the better practice would have been for all parties, upon HOA's joinder, to have submitted to the trial court a modified or new agreed scheduling order to establish a new discovery period and deadlines.  Indeed, the confusion in this case arises from the fact that the previous scheduling order had expired; the parties proceeded with discovery without regard to the fact that their discovery cutoff had passed and without seeking a new or modified scheduling order.

For this reason, even if HOA's designation of its expert was somehow untimely because it did not obtain a Level 3 discovery period within which it could designate an expert, we conclude that the trial court abused its discretion by implicitly finding that HOA failed to meet its burden of establishing lack of unfair surprise or prejudice.  *See Bellino v. Comm'n for Lawyer Discipline*, 124 S.W.3d 380, 384 (Tex. App.—Dallas 2003, pet. denied) (holding there is an implicit finding of good cause and no unfair surprise in late disclosure of witness when the trial court permits the witness to testify); *Capital Metro. Transp. Auth. v. Cent. of Tenn. Ry. & Navigation Co.,* 114 S.W.3d 573, 583 (Tex.

---

[11] Nor did the trial court evidently consider entering such an order on its own motion.  *See* Tex. R. Civ. P. 190.4(a) (the trial court "may, on its own initiative," order that the case proceed under a discovery control plan); Tex. R. Civ. P. 190.5 (the trial court "may modify a discovery control plan at any time and *must* do so when the interest of justice requires") (emphasis added).

18

App.—Austin 2003, pet. denied) (finding unfair surprise implicit in trial court's ruling).

Rule 193.6 prohibits a party from offering evidence not timely disclosed in a discovery response "unless the court finds that: (1) there was good cause for the failure to timely make, amend, or supplement the discovery response; or (2) the failure to timely make, amend, or supplement the discovery response will not unfairly surprise or unfairly prejudice the other parties." Tex. R. Civ. P. 193.6(a); *see Fort Brown Villas III Condo. Ass'n, Inc.*, 285 S.W.3d at 881 (holding party who fails to timely designate an expert must establish good cause or lack of unfair surprise or prejudice before the trial court may admit the evidence). The purposes of this rule are to promote responsible assessment of settlement and prevent trial by ambush. *Tex. Mun. League Intergov'tal Risk Pool v. Burns*, 209 S.W.3d 806, 817 (Tex. App.—Fort Worth 2006, no pet.); *see also Alvarado v. Farah Mfg. Co.*, 830 S.W.2d 911, 913–14 (Tex. 1992) (op. on reh'g) (applying predecessor rule 215(5)). The party seeking to offer the evidence at issue has the burden to establish good cause or lack of unfair surprise or prejudice. Tex. R. Civ. P. 193.6(b). A finding of good cause or lack of unfair surprise or prejudice to the adverse party must be supported by the record. *Id.*

The record here shows that Defendants brought HOA into the suit after the case had been pending almost four years and kept it in the suit for over a year while they conducted their discovery. There were several agreed postponements of the trial setting before and after joinder of HOA. The Level 3 scheduling order, including discovery deadlines and deadlines to designate experts, expired more than two years before HOA was joined. The trial court, itself, recognized that no deadlines were in place and stated it would not hold HOA to those deadlines. Defendants cannot argue that they were unfairly surprised by the timing of HOA's expert designation when they ignored the discovery cutoff under the expired Level 3 scheduling order and freely engaged in extensive discovery against HOA. Nor can they argue unfair prejudice when HOA designated its expert witness less than six months after asserting its affirmative claims, at a time when there was still no trial setting, and when Defendants knew of HOA's expert designation and had his report in May, refused HOA's tender of the expert for his deposition in July, and thereafter agreed to reset the case for September and again for October.

Defendants had ample notice of the designation and ample time to depose HOA's expert and to obtain their own expert during that five-and-a-half-month period but declined to do so, preferring to stand on their motion to strike. On this record, HOA established lack of unfair surprise or prejudice. *See, e.g.,*

20

*State v. Target Corp.,* 194 S.W.3d 46, 51 (Tex. App.—Waco 2006, no pet.) (holding trial court abused discretion by excluding late designated expert where adverse party had his report timely, deposed him twice, and had adequate opportunity to explore basis for opinions); *Elliott v. Elliott*, 21 S.W.3d 913, 921 (Tex. App.—Fort Worth 2000, pet. denied) (lack of surprise shown by petitioner's pleadings providing notice of her mental health condition and experts were listed in answer to an another interrogatory); *see also Hilburn v. Providian Holdings, Inc.,* No. 01-06-00961-CV, 2008 WL 4836840, at *11 (Tex. App.—Houston [1st Dist.] Nov. 6, 2008, no pet.) (mem. op.) (party could not be heard to say he was prejudiced where he declined offer of continuance to take deposition of untimely designated expert); *Tri-Flo Int'l, Inc. v. Jackson*, No. 13-01-00472-CV, 2002 WL 31412532, at *2 (Tex. App.—Corpus Christi Oct. 24, 2002, no pet.) (not designated for publication) (lack of surprise established for late supplementation where trial court delayed trial, allowed discovery and amendment of pleadings, and opposing party failed to request continuance under rule 193.6(c)). We hold that the trial court abused its discretion to the extent that it implicitly found HOA failed to establish lack of unfair surprise or prejudice as to any untimeliness of its expert designation.[12]

---

[12] Having held that HOA established lack of unfair surprise or prejudice, we need not consider whether it also established good cause. *See, e.g.,*

## Lack of Any Claims as Basis for
## Striking Expert

HOA argues that the trial court erred by striking its expert on the ground

that it had no claims. During one of the four days of the hearing, the trial court

stated,

> [T]he discussion of the assignment still makes [HOA] a proper party
> to the case. They're not going to be able to bring these additional
> claims, [HOA], because they don't have the authority to bring any
> claims. I think they are not entitled to an interest; they are just
> entitled to money from Prosper. I think it's Prosper's responsibility
> to prosecute those.

The trial court concluded, based on its interpretation of the assignment

to Prosper, that HOA had no individual claims. The trial court then ruled that

HOA could not designate an expert because it had ruled that HOA did not have

any claims. HOA argued that the trial court's determination was erroneous

because there was no motion for summary judgment before the trial court

regarding its claims, nor as the trial court itself noted, was any motion on file

to strike HOA's pleadings.

By precluding HOA from pursuing its claims in the suit, the trial court

improperly effected the same type of disposition as a dismissal, a ruling striking

---

*Gutierrez v. Gutierrez*, 86 S.W.3d 729, 734 (Tex. App.—El Paso 2002, no pet.)
(noting that Rule 193.6 allows alternatives to good cause of lack of unfair
surprise or prejudice, unlike former rule 215(5), which required strict showing
of good cause); *Elliott,* 21 S.W.3d at 921 n.7.

22

HOA's pleadings, or a partial summary judgment, vitiating HOA's case by precluding consideration of those claims as a matter of law. *See, e.g., Reynolds v. Murphy*, 266 S.W.3d 141, 146 (Tex. App.—Fort Worth 2008, pet. denied) (holding that by striking new causes of action in amended petition and refusing to allow discovery on those claims, trial court improperly effected dismissal with prejudice without affording appellant opportunity to replead); *Gallien v. Wash. Mut. Home Loans, Inc.*, 209 S.W.3d 856, 862 (Tex. App.—Texarkana 2006, no pet.) (motion to strike amended pleadings that attacks substance of amended pleading improper procedural mechanism); *Rodriguez v. U.S. Sec. Assocs., Inc.*, 162 S.W.3d 868, 873–74 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (same).

In a creative procedural twist, Defendants used their motion to strike HOA's expert to attack HOA's claims. No such vehicle is authorized by the Texas procedural rules as a means to summarily dismiss substantive claims. *Rodriguez*, 162 S.W.3d at 873; *Centennial Ins. Co. v. Commercial Union Ins. Cos.*, 803 S.W.2d 479, 482–83 (Tex. App.—Houston [14th Dist.] 1991, no writ) (holding trial court lacked authority to dismiss substantive claims). Special exceptions and motions for summary judgment provide well-settled procedural guidelines and protections. *Centennial Ins. Co.*, 803 S.W.2d at 482. Motions to dismiss claims or, as in this case, motions to strike an expert because a party

23

has no claims, carry no such safeguards and are antithetical to fundamental safeguards of due process. Such a motion is not properly denominated and triggers no specified timetables for response or protective measures to assure that proper causes of action are preserved. We do not address the merits of the validity or effect of the oral or written assignment nor their effective dates, absent a ruling on a proper motion. We simply hold that the trial court abused its discretion to the extent that it struck HOA's expert on the basis that HOA did not have any claims.

## Adequate Remedy by Appeal

Appellate courts will not intervene to control incidental trial court rulings when an adequate remedy by appeal exists. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding); *Walker*, 827 S.W.2d at 840. But a party will not have an adequate remedy by appeal (1) when the appellate court would not be able to cure the trial court's discovery error, (2) when the party's ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error, or (3) when the trial court disallows discovery and the missing discovery cannot be made a part of the appellate record or the trial court, after proper request, refuses to make it part of the record. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203,

210–11 (Tex. 2004) (orig. proceeding); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding); *Walker*, 827 S.W.2d at 843.

With respect to the second scenario, the relator must establish the effective denial of a reasonable opportunity to develop the merits of his or her case, so that the trial would be a waste of judicial resources. *Walker,* 827 S.W.2d at 843. When, for example, a trial court imposes discovery sanctions that effectively preclude a decision on the merits of a party's claims—such as by striking pleadings, dismissing an action, or rendering default judgment—a party's remedy by eventual appeal is inadequate, unless the sanctions are imposed simultaneously with the rendition of a final, appealable judgment. *Id.* (citing *TransAm. Natural Gas Corp. v. Powell*, 811 S.W.2d 913, 919 (Tex. 1991)).

Defendants argue that HOA has not established that it lacks an adequate remedy by appeal. First, Defendants argue that an appellate court would be able to cure the trial court's alleged discovery error, if any; therefore, HOA has an adequate remedy by appeal. Next, Defendants contend that HOA's claims have not been vitiated or severely compromised by the trial court's order excluding its expert testimony.

The record contains evidence that HOA's expert will testify at trial on three matters essential to its claims: (1) that the changes made by Defendants

25

to the topography of land are contrary to standards established by the Texas Water Code and the Drainage and Surface Flow Agreement; (2) that the changes caused and will continue to cause damage to HOA's property; and (3) that the solutions offered by Prosper would remedy the problems created by Defendants. Specifically, HOA argued that the expert is necessary to help the jury understand "who violated responsibilities to whom." HOA also asserted that it would be unable to meaningfully participate in the trial without its expert. There was no controverting evidence. On this record, the exclusion of its expert's testimony prevents HOA's ability to fairly try this lawsuit, with foreseeable harm as the result. *See Loffland Bros. Co. v. Downey*, 822 S.W.2d 249, 252 (Tex. App.—Houston [1st Dist.] 1991, orig. proceeding). HOA's claims at trial, unless shown to be meritless by a proper procedural vehicle, will be eviscerated without introduction of expert testimony, and trial rendered no more than an empty exercise. *Walker*, 827 S.W.2d at 841. Remedy by appeal in a discovery mandamus is not adequate where a party is required "to try his lawsuit, debilitated by the denial of proper discovery, only to have that lawsuit rendered a certain nullity on appeal. . . ." *Id.*

Finally, Defendants contend that because HOA has made the expert testimony at issue a part of the appellate record, all necessary information is available to the reviewing court and mandamus is not appropriate. Defendants

26

cite no authority for that proposition.  The presence of the summary of the testimony in the mandamus record does not compensate for the gutting of HOA's claims at trial.  Requiring a party to try its lawsuit without expert testimony, only to have the lawsuit rendered a certain nullity on appeal, falls short of a remedy by appeal.  *See id.*  Here, the trial court has excluded HOA's sole expert witness, preventing it from fairly trying its lawsuit, thus resulting in foreseeable harm.  *See id.*

### Conclusion

We conclude that the trial court clearly abused its discretion by granting Defendants' motion to strike Relator's expert witness.  We conditionally grant Relator's petition for writ of mandamus.  We are confident that the trial court will vacate its September 29, 2008 order granting defendants' motion to strike Relator's expert witness; the writ will issue only if the trial court fails to do so.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MEIER, JJ.

DELIVERED:  October 13, 2009

27