

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00179-CV

IN RE SOUTHWEST AIRLINES CO.
AND AIRTRAN AIRWAYS, INC.                                    RELATORS

-----------

ORIGINAL PROCEEDING

-----------

## MEMORANDUM OPINION[1]

-----------

### I. Introduction

In two issues, Relators Southwest Airlines Co. and AirTran Airways, Inc. ask this court for relief from Respondent the Honorable Donald J. Cosby's order requiring them to produce documents in response to Real Party in Interest American Airlines Inc.'s third-party discovery requests. We conditionally grant relief, modifying Respondent's order to allow Southwest and AirTran to first file a

---
[1]*See* Tex. R. App. P. 47.4.

privilege log for the documents that they claim are privileged and to allow Respondent the opportunity to then review the documents in camera to determine which, if any, are non-privileged.

## II. Background

American and Sabre, a global travel technology company, have been engaged in litigation with regard to American's efforts to connect directly to consumers and Sabre's desire to maintain a legacy airline reservation system. American sued Sabre, alleging the following causes of action: breach of contract; five violations of the Texas Free Enterprise & Antitrust Act of 1983 (group boycott, conspiracy to monopolize, monopoly, agreement in restraint of trade, and agreement not to compete); tortious interference with contract; and tortious interference with prospective contractual relations.

Southwest Airlines and AirTran, which Southwest recently acquired, are American's competitors; they are not parties to the suit between American and Sabre. American sought third-party discovery from Southwest and AirTran, who refused to produce anything, leading American to file a motion to compel seeking documents that Southwest and AirTran claim are confidential or trade secrets.[2] Neither Southwest nor AirTran provided a privilege log.

At the conclusion of the hearing on American's motion to compel, Respondent asked the parties to work out a new protective order, ordered

---

[2]Southwest and AirTran also claimed that the requests for production were irrelevant, overly broad, and unduly burdensome.

Southwest and AirTran to produce documents subject to an adequate modified protective order, and said that he would sign the order granting the motion to compel after he reviewed the new protective order. He concluded the hearing by stating,

> . . . I think that I should grant the motion to compel, but I don't think I should grant the motion to compel with the existing protective order. . . .
>
> . . . I think there's some information that will be useful to this case. But my concern that I have as I looked at the existing protective order . . . is that Southwest is not protected.[3]
>
> And I am—I was very concerned, because I know Southwest is—it's not—it's not a secret that—that a lot of the air carriers want to be like Southwest, and so they want to find out how they do it. It's more than just, you know, quick boarding passes . . .
>
> . . . .
>
> . . . I think the protective order will take care of what you want. I really believe that. And I think—I think American has met their burden to show that they need it.

Respondent signed the order compelling production and the new protective order.

In the order compelling production, Respondent ordered Southwest and AirTran to produce "non-privileged" documents responsive to American's subpoena within fourteen days from the date of the order and overruled Southwest and AirTran's objections. Concurrent with the order compelling production, Respondent also entered a second amended protective order to

---

[3]Southwest and AirTran were not involved in the drafting of the original protective order between American and Sabre.

provide protection for confidential documents produced by Southwest and AirTran.  In the second amended protective order, "confidential information" was defined as

> trade secrets, sensitive business or financial information; confidential research, development or commercial information; and confidential or private personal information the disclosure of which would greatly negatively impact specific, serious and substantial interests of the Party or Person to whom the Confidential Information belongs and would not have any effect on the health or safety of the public.

This court issued a stay of Respondent's order compelling production to consider Southwest and AirTran's mandamus petition.

### III.  Privilege

Southwest and AirTran claim that Respondent's order will force them to reveal their trade secrets and to produce documents not relevant or reasonably calculated to lead to the discovery of admissible evidence.

American responds that Southwest and AirTran never properly asserted the trade-secret privilege; that Southwest made implausible assertions that every single document that fell within the scope of the document requests was a privileged trade secret; that the narrowed set of requests on which Respondent granted the motion to compel seeks the production of documents that are necessary for a fair adjudication of key issues in the underlying case; and that the new protective order in the case is indisputably sufficient, after Respondent amended the existing protective order to provide additional protections—at

4

Southwest's and AirTran's request—regarding the confidentiality of the information that may be contained in the requested documents.

## A. Standard of Review and Applicable Law

Mandamus will issue to correct a discovery order if the order constitutes a clear abuse of discretion and there is no adequate remedy by appeal. *In re Colonial Pipeline Co.*, 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 778 (Tex. App.—Fort Worth 2009, orig. proceeding). A clear abuse of discretion warranting correction by mandamus occurs when a court's decision is without basis or guiding principles of law. *Kings Ridge*, 303 S.W.3d at 778. With respect to resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for that of the trial court. *Id.* And even if the reviewing court would have decided the issue differently, it cannot disturb the trial court's decision unless that decision is shown to be arbitrary and unreasonable. *Id.* A trial court abuses its discretion by ordering discovery that exceeds that permitted by the rules of procedure. *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).

Under rules of civil procedure 205.1 and 205.3, Southwest and AirTran can be compelled to produce documents as non-parties. Tex. R. Civ. P. 205.1, 205.3. And per rule 205.3(d), "[t]he nonparty must respond to the notice and subpoena in accordance with rule 176.6." Tex. R. Civ. P. 205.3(d). Rule 176.6(c) states that "[a] person may withhold material or information claimed to

5

be privileged *but must comply with Rule 193.3.*" Tex. R. Civ. P. 176.6(c) (emphasis added); *see also In re Certain Underwriters at Lloyd's London*, 294 S.W.3d 891, 903 (Tex. App.—Beaumont 2009, orig. proceeding [mand. denied]) ("By employing the term 'party who produces,' we do not perceive any intent by the drafters of Rule 193.3(d) to constrict the Rule's application solely to those that are named as parties in a suit.").

Rule 193.3 requires that a party who claims that material or information responsive to written discovery is privileged state in the response to discovery or in a separate document: (1) that information or material responsive to the request has been withheld; (2) the request to which the information or material relates; and (3) the privilege or privileges asserted. Tex. R. Civ. P. 193.3(a). The party seeking discovery may then serve a written request that the withholding party identify the information and material withheld, and within fifteen days of service of that request, the withholding party must serve a response that: (1) describes the information or materials withheld that, without revealing the privileged information itself or otherwise waiving the privilege, enables other parties to assess the privilege's applicability, and (2) asserts a specific privilege for each item or group of items withheld. Tex. R. Civ. P. 193.3(b). Further, when the trade secret privilege is asserted as the basis for resisting production, the trial court must determine whether the requested production constitutes a trade secret; if so, the trial court must then require the party seeking production to show reasonable necessity for the requested materials. *In re Bass*, 113 S.W.3d

6

735, 738 (Tex. 2003) (orig. proceeding) (quoting *In re Cont'l Gen. Tire, Inc.*, 979

S.W.2d 609, 611 (Tex. 1998) (orig. proceeding)). Rule 193.4 provides for a

hearing with regard to assertions of privilege and for in camera review if

determined necessary by the trial court. Tex. R. Civ. P. 193.4.

## B. Analysis

Respondent ordered Southwest and AirTran to produce "non-privileged

documents" responsive to the categories in American's subpoena. However,

Southwest and AirTran never produced a privilege log in response to American's

request for one,[4] and as no documents were produced, Respondent could not

review any of the documents in camera to determine whether the privilege

applied. Therefore, Respondent could make no ruling on which documents

would constitute the "non-privileged documents" recited in his order. *Cf. In re*

*Samson Lone Star, LLC*, No. 06-10-00050-CV, 2010 WL 3008670, at *1, 4 (Tex.

App.—Texarkana Aug. 3, 2010, orig. proceeding) (conditionally granting

mandamus relief when trial court's order was overbroad and indefinite,

constituting an abuse of discretion; the order for "all documents responsive to"

request number 11 failed to specify which documents were responsive and the

order's general nature did not allow the appellate court to consider whether the

---

[4]American responded to Southwest's privilege claims in a letter to Southwest, stating that it "should create a privilege log under the Texas Rules for any documents it withholds on that basis, and American will challenge privilege assertions as may be appropriate." On the first page of its reply to Southwest's response to American's motion to compel, American again asked Southwest and AirTran to comply with rule 193.3 and provide a log of specific documents with sufficient information to challenge trade secret claims as to those items.

7

trade secret issue was properly preserved, proven, or rebutted as to the "responsive" documents even despite production of a privilege log). In essence, the order leaves the parties in the same position that they were in before the order—with Southwest and AirTran contending that everything is privileged and that they should not have to produce anything, and American contending that less than everything is privileged and that Southwest and AirTran should have to produce something.

Although neither Southwest nor AirTran complied with rule 193.3, because Respondent has not had the opportunity to evaluate the actual materials sought, we conditionally grant relief to allow the parties and Respondent the opportunity to follow the procedure set out in rules 193.3 and 193.4. *Cf. In re Rio Grande Reg'l Hosp.*, No. 13-11-00058-CV, 2011 WL 1844453, at *1, 5 (Tex. App.—Corpus Christi Mar. 14, 2011, orig. proceeding) (mem. op.) (noting that in support of its privilege argument, nonparty hospital produced 1,000 pages of documents for in camera inspection by the trial court along with a privilege log purporting to detail the nature of the documents and stating which privilege was being claimed with respect to each in response to subpoena); *see also In re Monsanto Co.*, 998 S.W.2d 917, 924–25 (Tex. App.—Waco 1999, orig. proceeding) (stating that within fifteen days after receiving the request, the withholding party must produce a "privilege log" and noting that the withholding party had complied when it served privilege logs that identified each document by Bates number, number of pages, date, document title, document type, document traits, author/source (if

8

known), and recipients (if applicable) and identified the persons receiving a copy of the document and the privileges asserted as to each document). We sustain Southwest and AirTran's first issue in part, and we modify Respondent's order to allow Southwest and AirTran a reasonable time to prepare a privilege log and for the parties to follow the procedure set out in rules 193.3 and 193.4.

## IV. Conclusion

Having sustained Southwest and AirTran's first issue in part, we conditionally grant relief.[5] The stay on Respondent's order will be lifted after Southwest and AirTran have produced a privilege log and Respondent has had an opportunity to determine which documents are "non-privileged."

PER CURIAM

PANEL: MCCOY, WALKER, and MEIER, JJ.

DELIVERED: July 12, 2012

---

[5]Based on our resolution here, we need not reach the remainder of Southwest and AirTran's first issue or their second issue.

9