

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00160-CV

**IN RE FIRE ALARM SERVICES, INC.** and Cosme Alvizo

Original Mandamus Proceeding[1]

Opinion by:    Liza A. Rodriguez, Justice

Sitting:        Patricia O. Alvarez, Justice
               Liza A. Rodriguez, Justice
               Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relators Fire Alarm Control Services, Inc. ("Fire Alarm") and Cosme Alvizo have filed a

petition for writ of mandamus, complaining of the trial court's order excluding testimony of their

expert witness. We conditionally grant the petition for writ of mandamus.

### BACKGROUND

On June 14, 2017, Orlando Lopez's vehicle was rear-ended by Cosme Alvizo, who was

driving a work vehicle (a 1/2 ton Chevrolet pick-up truck) for Fire Alarm. Lopez brought a

personal injury lawsuit against Alvizo and Fire Alarm, alleging that Alvizo, while in the course

and scope of his employment, was negligent, negligent per se, and grossly negligent in his

operation of his work vehicle. Further, Lopez alleged direct liability theories against Fire Alarm,

---

[1]This proceeding arises out of Cause No. 2018-CI-00850, styled *Orlando Lopez v. Fire Alarm Control Services, Inc. and Cosme Alvizo*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Tina Torres presiding.

including negligent hiring and supervision; negligent entrustment; negligent training and supervision; negligent retention; and "encouraging and allowing distraction of its driver." Lopez also alleged that Fire Alarm's conduct was itself grossly negligent.

In response to the lawsuit, Fire Alarm and Alvizo filed a "Stipulation to Liability" in which Alvizo stipulated that he "is legally responsible for causing the occurrence in question" and that "he was negligent in the operation of his vehicle, specifically for driver inattention." Fire Alarm stipulated that it was liable for Alvizo's negligence under the theory of respondeat superior. However, both Fire Alarm and Alvizo denied any liability for gross negligence.

Fire Alarm and Alvizo then designated expert Jimmy Sill, "a retained expert in the area of transportation safety and compliance and fleet safety." They stated Sill is "expected to testify concerning fleet safety in the trucking industry and more specifically the safety compliance of Defendants." Sill "will also testify as to his qualifications and may also provide rebuttal testimony regarding any testimony offered by the Plaintiff or others on matters within the scope of his expertise." They attached to their designation Sill's expert report and curriculum vitae.

Sill's deposition was scheduled by agreement of the parties for January 13, 2022. However, before the deposition, Lopez filed a motion to exclude Sill's expert testimony, arguing that Sill's opinions as contained in his expert report "are conclusory and are not based on a reliable foundation." In response, Fire Alarm and Alvizo emphasized that Sill has been "a Certified Director of Safety for over seventeen years and has numerous certifications relevant to transportation safety and compliance." They explained that Lopez had alleged various direct theories of negligence against Fire Alarm and that Sill offered the following opinions in his report: (1) Fire Alarm met or exceeded standards applicable to ground transportation through policy, training and the management of technicians who were issued a company vehicle: (2) Fire Alarm met its duty in training Alvizo; (3) Fire Alarm owed a duty to the general public to not entrust

unsafe and dangerous employees behind a company vehicle and Fire Alarm met this duty; (4) Fire Alarm met its duty in hiring Alvizo; (5) Fire Alarm owed a duty to formulate, institute, and implement appropriate hiring, supervision, training, and retention procedures in order to keep the public safe, and Fire Alarm met or exceeded this standard; and (6) but for the independent and careless actions of Alvizo, this accident would not have occurred. At the hearing on Lopez's motion to exclude, Fire Alarm and Alvizo explained that Sill's deposition had not yet occurred and was scheduled for January 13, 2022, and that the motion was premature. They also explained that an expert can rely on disputed facts.

Although the hearing occurred on December 15, 2021, the trial court did not sign an order granting the motion to exclude Sill's testimony until March 15, 2022. Between the time of the hearing and the signing of the order, Fire Alarm and Alvizo noticed Sill's deposition for February 18, 2022. Lopez filed a motion to quash the deposition, and the trial court granted the motion. Trial was set for April 18, 2022.

Fire Alarm and Alvizo then filed this petition for writ of mandamus and an emergency motion seeking a stay of their trial setting. We granted the motion and stayed the trial setting pending resolution of this mandamus proceeding.

## MANDAMUS

### A. Standard of Review

Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion when there is no other adequate remedy at law. *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding).

### B. Abuse of Discretion

Fire Alarm and Alvizo argue the trial court abused its discretion in granting Lopez's motion to exclude Sill's expert testimony pursuant to Texas Rule of Evidence 702. Lopez's motion to

exclude contended that Sill's opinions as contained in his expert report had no reliable foundation and were conclusory. Under Rule 702 of the Texas Rules of Evidence, a qualified expert may offer opinion testimony if that testimony is both relevant and based on a reliable foundation. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also* TEX. R. EVID. 702. "To be relevant, the expert's opinion must be based on the facts; to be reliable, the opinion must be based on sound reasoning and methodology." *State v. Cent. Expressway Sign Assocs.*, 302 S.W.3d 866, 870 (Tex. 2009). Further, "[c]onclusory or speculative opinion testimony is not relevant evidence because it does not tend to make the existence of material facts more probable or less probable." *Whirlpool Corp. v. Camacho*, 298 S.W.3d 631, 637 (Tex. 2009) "We review a trial court's determination that a witness's testimony is unreliable for an abuse of discretion." *Cent. Expressway*, 302 S.W.3d at 870. "A trial court abuses its discretion in excluding expert testimony if the testimony is relevant to the issues in the case and is based on a reliable foundation." *Id*.

In his motion to exclude Sill's expert testimony, Lopez argued that Sill's opinions had no reliable foundation because "[n]otably absent from his report is any reference to a specific standard Sill believes applies to [Fire Alarm] that [Fire Alarm] adopted and enforced." Lopez also argued that Sill's opinions were conclusory because Sill stated Fire Alarm "complied with industry standards in screening, hiring, and training" without providing facts to support his assertion. Further, Lopez argues the facts Sill did include were not supported by the depositions and documents he reviewed.

In response, Fire Alarm points out that an expert's testimony may rely on disputed facts. *See Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 144 (Tex. 2016) ("When an expert's opinion is predicated on a particular set of facts, those facts need not be undisputed. An expert's opinion is only unreliable if it is contrary to actual, undisputed facts.") (citation omitted). Fire Alarm emphasizes that Sill's expert report should be construed as a whole document, and contends that

Lopez selectively chooses sentences in arguing Sill's expert report is conclusory and certain deposition testimony in arguing Sill's report is not supported by evidence.

"An expert may base an opinion on facts or data in the case that the expert has been made aware of, reviewed, or personally observed." TEX. R. EVID. 703. "The weakness of facts in support of an expert's opinion generally go to the weight of the testimony rather than its admissibility." *In re Payne*, 605 S.W.3d 240, 246 (Tex. App.—San Antonio 2020, orig. proceeding) (citation omitted).

We have reviewed Sill's expert report and construe it as a whole document. Sill's report listed the specific industry and governmental standards upon which his opinions rely. He further explains that of the materials he reviewed, the following "are most specific and authoritative to" his report: (1) American National Standards Institute (ANSI) Publication AN-Z15.1-2012, *Safe Practices for Motor Vehicle Operations*; (2) American Society of Safety Engineers (ASSE), *Safe Practices for Motor Vehicle Operations-Technical Update ASSE Brief (ANSI/ASSE 15.1.-2012)*; (3) Federal Motor Carrier Safety Administration website; Occupational Health and Safety Administration (OSHA), *General Duty Clause of the Occupational Safety and Health Act*; (4) Department of Motor Vehicles, *U.S. Road Rules* 2019; and (5) National Highway Transportation Safety Administration, *Rules of the Road-Speeding* 2019.

In his report, Sill also listed the specific thirty-two documents he relied upon in understanding the facts of this case, including depositions and expert reports. He further listed internal documents from Fire Alarm he reviewed, including the following: Employee Handbook; Drug & Alcohol Policy; "Safety Meeting Sign-in Sheets for 2015-2018"; email responses from Fire Alarm's insurance general agency Insperity regarding driver history for 2014; calendar for work assignments on June 14, 2017; Safety Notebook 2016/2017; meeting agendas for 2014-2017;

Alvizo's personnel file; Alvizo's time sheet records and background check; maintenance records on 2013 Chevy Silverado driven by Alvizo; and a photo of Fire Alarm's safety poster.

Sill's report then explained the facts of the case, which he clearly based on his review of the above documentation. Sill then explained Fire Alarm's duties owed to others, explaining that he specifically relied on the Texas Administrative Code, ANSI Publication Z15.1-2012, and the National Highway Transportation Safety Administration's "Rules of the Road." Sill then stated that Fire Alarm had policies, procedures, and programs in place "to promote a safe working environment for their employees and the general public." While Lopez argues this statement in Sill's report is conclusory, in reading Sill's expert report as a whole document, this statement is clearly referring to the internal Fire Alarm documents Sill reviewed.

Similarly, other statements in Sill's report are not conclusory when his report is read as a whole document. For example, Sill discussed in his report the safety training platform provided by Fire Alarm's insurance general agency Insperity and the fact that Fire Alarm made it mandatory for its employees to attend the trainings. He also discussed Fire Alarm's maintenance and inspection program for their commercial non-fleet vehicles (like the one Alvizo was driving) and that "[e]mployees who used them were required to provide written documentation of inspections and repairs or request for repair to be made periodically." These are clearly referring to policies and procedures Fire Alarm had in place.

While Lopez selectively points to certain sentences in Sill's report and argues his opinions are either conclusory or without foundation, when Sill's report is read as a whole document, it sufficiently provides a factual basis and reliable foundation for Sill's opinions. Thus, the arguments brought by Lopez relate to the weight of Sill's testimony, and not to its admissibility, and should be brought through cross-examination. *See Gammill v. Jack Williams Chevrolet, Inc.*, 972 S.W.2d 713, 728 (Tex. 1998) (noting that, although the trial court has a threshold responsibility to ensure

that an expert's opinion is both reliable and relevant, that "gatekeeping function under Rule 702 does not supplant cross-examination as 'the traditional and appropriate means of attacking shaky but admissible evidence'"); *see also Ford Motor Co. v. Ledesma*, 242 S.W.3d 32, 40-41 (Tex. 2007) (holding party's complaints that opposing expert's testimony did not consider all relevant facts "go to its weight, not its admissibility"). Based on this mandamus record, we conclude the trial court abused its discretion in excluding Sill's testimony.

### C. *Adequate Remedy by Appeal*

We next turn to whether Fire Alarm and Alvizo have an adequate remedy by appeal. Although Fire Alarm and Alvizo have the right to appeal the trial court's ruling after a trial on the merits, they have "no adequate remedy at law" if their ability to present a viable claim or defense at trial is vitiated or severely compromised by the trial court's discovery error. *See In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) ("The second requirement—appeal is an adequate remedy—is fulfilled where a party's ability to present a viable claim or defense at trial is either completely vitiated or severely compromised."); *In re Marshall*, 617 S.W.3d 670, 673 (Tex. App.—San Antonio 2021, orig. proceeding) (same).

Fire Alarm and Alvizo emphasize that Lopez has designated a fleet expert to testify at trial. According to Fire Alarm and Alvizo, because the trial court struck their sole expert on fleet safety and safety compliance and set the case for trial so that they would not have time to designate another fleet expert, the trial court severely comprised their defense of Lopez's gross negligence claims against them. We agree with Fire Alarm and Alvizo. Under the circumstances presented in this mandamus proceeding, we conclude Fire Alarm and Alvizo did not have an adequate remedy by appeal. *See In re Kings Ridge Homeowners Ass'n*, 303 S.W.3d 773, 785-86 (Tex. App.—Fort Worth 2009, orig. proceeding) (holding no adequate remedy by appeal because exclusion of expert testimony prevented the relator's ability to try his lawsuit).

## CONCLUSION

We hold the trial court abused its discretion by excluding the expert testimony of Jimmy Sill and the relators had no adequate remedy by appeal. We therefore conditionally grant the petition for writ of mandamus and direct the trial court, within fifteen days from the date of this opinion, to vacate its March 15, 2022 order excluding the expert testimony of Jimmy Sill.

Liza A. Rodriguez, Justice