COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  | § |  |
|---|---|---|
| IN RE | | No. 08-23-00256-CV |
| | § | |
| JUAN ESPARZA, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |

## D I S S E N T

Monday morning quarterbacking is easy. Appellate Monday morning quarterbacking is not—especially for intermediate courts. In a case like this, we are sandwiched between trial court discretion and supreme court precedent. Further constricting us is the specific question we are asked to answer today: whether Mr. Esparza met his burden to justify the extraordinary remedy that is mandamus. As a reviewing court, we may not substitute our judgment for that of the trial court, even if we would have acted differently. *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

It is the trial court judge's duty to manage discovery. And certainly, the judge does not have unfettered discretion in this regard. But the cases the majority cites in support of its statement that the trial court's discretion in managing discovery is not unbounded are distinguishable and do not support that the trial court abused its discretion in the present case. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 257 (Tex. 2021) (orig. proceeding) (concluding trial court's outright denial

of narrowed discovery requests was abuse of discretion considering the circumstances and applicability of Court's reasoning in recent case involving the same issue); *In re Van Waters & Rogers, Inc.*, 62 S.W.3d 197, 199–201 (Tex. 2001) (orig. proceeding) (per curiam) (concluding trial court's "blanket abatement" of almost all discovery for seven years with no justification for the delay was abuse of discretion on second petition for writ of mandamus after Court first denied mandamus relief with instructions but trial court "unduly delayed reconsidering its orders as [the Court] requested").[1]

Here, after some six plus years of litigation, the parties having already designated several experts and ready to try the case, the trial judge made her intent clear following the 2022 mistrial:

> [A]nd I'll be very honest with you too, that the -- I think the cost incurred by everybody up to this point is -- is really weighing on me because I understand how expensive these things are. . . . I don't want to rehash new discovery. . . . and I don't want any more depositions, none of that. You were ready to go to trial now. . . . I think -- you know, everything we've learned so far on the discovery and evidentiary issues, we can be ready but I don't want to reopen discovery.

Because the parties could not agree to a new expert-designation deadline, the trial court judge kept the prior one in place. And even then, she exercised her discretion to allow one expert out of the six Mr. Esparza attempted to designate after the deadline.[2] Additionally, the trial court's new order permitted Mr. Esparza to continue to develop evidence of his claimed worsening condition and non-economic damages through his already-designated experts and treating physicians.

Based on our 1938 precedent, the majority posits that once a mistrial was granted, "the case had then stood upon the court's docket 'as if it had not been tried.'" A parenthetical from a 1986

---

[1] By the same token, I am not suggesting abuses must necessarily rise to such egregious levels to meet the mandamus standard. That we evaluate on a case-by-case basis.

[2] Specifically, the trial court judge permitted Esparza to designate a cyber and mobile forensic expert to examine a video, which had been excluded during the mistrial because it was not timely disclosed. In permitting Esparza's designation of this expert, the trial court judge also gave Coastal time to designate a rebuttal expert.

Tyler court of appeals case follows, "after granting new trial, '[l]ogically . . . any pre-trial order relating to that trial would also be obliterated.'" *See State Dep't of Highways & Pub. Transp. v. Ross*, 718 S.W.2d 5, 11 (Tex. App.—Tyler 1986, no writ). In my view, *Ross* is inapposite—it does not generally stand for obliterating any pretrial order relating to a vacated trial. Instead, the court in *Ross* held only that orders not based on matters agreed to by the parties would be obliterated. *Id*. at 11.[3] Here we have a different situation—the trial court's April 4, 2022 order reflected the parties' agreement.

The majority then concludes the trial court clearly abused its discretion by setting a "backwards-facing" expert-designation deadline, which it characterizes as "not tailored to the circumstances of the case (with one exception)." Considering that the expert-designation deadline the trial court adopted in the new 2023 discovery order included the last expert-designation deadline agreed to by the parties, albeit from the April 4, 2022 agreed order, I would not characterize it as "backwards-facing." And I do not agree with the majority that "the retroactive deadline, in effect, led to a categorical limitation of Esparza's right to designate experts who would

---

[3] It is noteworthy that *Ross* was decided prior to the 1999 substantive revisions to the discovery rules, which clarified and streamlined discovery procedures in an effort to reduce costs and delays associated with discovery practice. *See generally Explanatory Statement Accompanying the 1999 Amendments to the Rules of Civil Procedure Governing Discovery*, Order of Approval of the Revisions to the Texas Rules of Civil Procedure, Misc. Docket No. 98–9196 (Tex. Nov. 9, 1998), printed at 61 Tex. Bar J. 1140, 1140 (Dec. 1998). The currently operating revised rules require a discovery control plan in each case, whether by rule, *see* Tex. R. Civ. P. 190.2–190.3, or by order, *see id.* Rule 190.4. Whereas the "deadlines for designating expert witnesses under former pretrial discovery rules were fluid and depended on the trial date, those deadlines no longer fluctuate with the change of a trial setting but are determined by the discovery period applicable to the case under current rules." *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 779 n.6 (Tex. App.—Fort Worth 2009, orig. proceeding) (citing *Fort Brown Villas III Condo. Ass'n, Inc. v. Gillenwater*, 285 S.W.3d 879, 882 (Tex. 2009)); *see also In re Sw. Pub. Serv. Co.*, No. 13-22-00389-CV, 2023 WL 6818165, at *7 n.6 (Tex. App.—Corpus Christi Oct. 16, 2023, orig. proceeding) (citing *Fort Brown*, 285 S.W.3d at 882) ("Relators assert that their supplemental discovery responses were not late because the trial of this matter had been continued and a new trial date had not been set. However, this case has been litigated as a Level 3 discovery case, and the current rules do not measure timeliness by the date of trial.").

testify on liability and damages, as well as medical conditions, medical needs, and future medical care and treatment."

To be sure, the rules of civil procedure promote "liberal discovery practices" toward a full and fair resolution of disputes. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 394 (Tex. 2014). But "discovery is also subject to a 'proportionality overlay.'" *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 248 (Tex. 2021) (original proceeding) (quoting *In re State Farm Lloyds*, 520 S.W.3d 595, 599 (Tex. 2017) (orig. proceeding)). Proportionality, or the marginal value of requested discovery weighed against its costs given the circumstances of the case, is "the touchstone" of discovery analysis. *Id.* at 258 (Huddle, J., concurring). Indeed, trial courts are encouraged to "impose reasonable discovery limits, particularly when the burden or expense of the proposed discovery outweighs its likely benefit." *K & L Auto Crushers*, 627 S.W.3d at 248 (cleaned up); *see* Tex. R. Civ. P. 192.4. It appears the trial court judge here imposed a reasonable discovery limit in terms of the expert-witness designations upon the parties' inability to agree. In so doing, she exercised her discretion consistent with her authority under Rule 190.4 to craft a discovery control plan "tailored to the circumstances of the specific suit."

In short, based on the record, the particular facts and circumstances of this case, and the applicable law, I respectfully disagree with the majority's analysis that concludes Esparza met his burden to show that the trial court abused its discretion and he has no adequate remedy by appeal so as to justify mandamus relief.

LISA J. SOTO, JUSTICE

April 26, 2024

Before Palafox, J., Soto, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge) (Sitting by Assignment)

4