02-12-179-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT
 OF APPEALS
 SECOND
 DISTRICT OF TEXAS
 FORT
 WORTH
  
 
 


 

 

NO. 02-12-00179-CV

 

 


 
 
 IN RE SOUTHWEST AIRLINES CO. AND AIRTRAN AIRWAYS, INC.
 
 
  
 
 
 RELATORS
 
 


                                                                                                                             

 

 

------------

ORIGINAL PROCEEDING

------------

MEMORANDUM OPINION[1]

------------

I.  Introduction

In two issues, Relators Southwest Airlines Co. and
AirTran Airways, Inc. ask this court for relief from Respondent the Honorable
Donald J. Cosby’s order requiring them to produce documents in response to Real
Party in Interest American Airlines Inc.’s third-party discovery requests.  We
conditionally grant relief, modifying Respondent’s order to allow Southwest and
AirTran to first file a privilege log for the documents that they claim are
privileged and to allow Respondent the opportunity to then review the documents
in camera to determine which, if any, are non-privileged.

II.  Background

American and Sabre, a global travel technology
company, have been engaged in litigation with regard to American’s efforts to
connect directly to consumers and Sabre’s desire to maintain a legacy airline
reservation system.  American sued Sabre, alleging the following causes of
action:  breach of contract; five violations of the Texas Free Enterprise &
Antitrust Act of 1983 (group boycott, conspiracy to monopolize, monopoly,
agreement in restraint of trade, and agreement not to compete); tortious
interference with contract; and tortious interference with prospective
contractual relations.

Southwest Airlines and AirTran, which Southwest recently
acquired, are American’s competitors; they are not parties to the suit between
American and Sabre.  American sought third-party discovery from Southwest and
AirTran, who refused to produce anything, leading American to file a motion to
compel seeking documents that Southwest and AirTran claim are confidential or
trade secrets.[2]
 Neither Southwest nor AirTran provided a privilege log.

At the conclusion of the hearing on American’s motion
to compel, Respondent asked the parties to work out a new protective order,
ordered Southwest and AirTran to produce documents subject to an adequate
modified protective order, and said that he would sign the order granting the
motion to compel after he reviewed the new protective order.  He concluded the
hearing by stating,

. . . I think that I should grant the
motion to compel, but I don’t think I should grant the motion to compel with
the existing protective order. . . .

. . . I think there’s some information
that will be useful to this case.  But my concern that I have as I looked at the
existing protective order . . . is that Southwest is not protected.[[3]]

And I am—I was very concerned, because I
know Southwest is—it’s not—it’s not a secret that—that a lot of the air
carriers want to be like Southwest, and so they want to find out how they do
it.  It’s more than just, you know, quick boarding passes . . . 

. . . .

. . .  I think the protective order will
take care of what you want.  I really believe that.  And I think—I think
American has met their burden to show that they need it.

Respondent signed the order compelling production and
the new protective order.

In the order compelling production, Respondent ordered
Southwest and AirTran to produce “non-privileged” documents responsive to
American’s subpoena within fourteen days from the date of the order and
overruled Southwest and AirTran’s objections.  Concurrent with the order
compelling production, Respondent also entered a second amended protective
order to provide protection for confidential documents produced by Southwest
and AirTran.  In the second amended protective order, “confidential
information” was defined as

trade secrets, sensitive business or
financial information; confidential research, development or commercial
information; and confidential or private personal information the disclosure of
which would greatly negatively impact specific, serious and substantial
interests of the Party or Person to whom the Confidential Information belongs
and would not have any effect on the health or safety of the public.

This court issued a stay of Respondent’s order
compelling production to consider Southwest and AirTran’s mandamus petition.

III.  Privilege

Southwest and AirTran claim that Respondent’s order will
force them to reveal their trade secrets and to produce documents not relevant
or reasonably calculated to lead to the discovery of admissible evidence.

American responds that Southwest and AirTran never
properly asserted the trade-secret privilege; that Southwest made implausible
assertions that every single document that fell within the scope of the
document requests was a privileged trade secret; that the narrowed set of
requests on which Respondent granted the motion to compel seeks the production
of documents that are necessary for a fair adjudication of key issues in the
underlying case; and that the new protective order in the case is indisputably
sufficient, after Respondent amended the existing protective order to provide
additional protections—at Southwest’s and AirTran’s request—regarding the
confidentiality of the information that may be contained in the requested
documents.

A.  Standard of Review and Applicable Law

Mandamus will issue to correct a discovery order if
the order constitutes a clear abuse of discretion and there is no adequate
remedy by appeal.  In re Colonial Pipeline Co., 968 S.W.2d 938, 941
(Tex. 1998) (orig. proceeding); In re Kings Ridge Homeowners Ass’n, Inc.,
303 S.W.3d 773, 778 (Tex. App.—Fort Worth 2009, orig. proceeding).  A clear
abuse of discretion warranting correction by mandamus occurs when a court’s
decision is without basis or guiding principles of law.  Kings Ridge,
303 S.W.3d at 778.  With respect to resolution of factual issues or matters
committed to the trial court’s discretion, the reviewing court may not
substitute its judgment for that of the trial court.  Id.  And even if
the reviewing court would have decided the issue differently, it cannot disturb
the trial court’s decision unless that decision is shown to be arbitrary and
unreasonable.  Id.  A trial court abuses its discretion by ordering
discovery that exceeds that permitted by the rules of procedure.  In re CSX
Corp., 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding).

Under rules of civil procedure 205.1 and 205.3, Southwest
and AirTran can be compelled to produce documents as non-parties.  Tex. R. Civ.
P. 205.1, 205.3.  And per rule 205.3(d), “[t]he nonparty must respond to the
notice and subpoena in accordance with rule 176.6.”  Tex. R. Civ. P. 205.3(d). 
Rule 176.6(c) states that “[a] person may withhold material or information claimed
to be privileged but must comply with Rule 193.3.”  Tex. R. Civ. P.
176.6(c) (emphasis added); see also In re Certain Underwriters at Lloyd’s
London, 294 S.W.3d 891, 903 (Tex. App.—Beaumont 2009, orig. proceeding
[mand. denied]) (“By employing the term ‘party who produces,’ we do not
perceive any intent by the drafters of Rule 193.3(d) to constrict the Rule’s
application solely to those that are named as parties in a suit.”).

Rule 193.3 requires that a party who claims that
material or information responsive to written discovery is privileged state in
the response to discovery or in a separate document:  (1) that information or
material responsive to the request has been withheld; (2) the request to which
the information or material relates; and (3) the privilege or privileges
asserted.  Tex. R. Civ. P. 193.3(a).  The party seeking discovery may then
serve a written request that the withholding party identify the information and
material withheld, and within fifteen days of service of that request, the
withholding party must serve a response that:  (1) describes the information or
materials withheld that, without revealing the privileged information itself or
otherwise waiving the privilege, enables other parties to assess the
privilege’s applicability, and (2) asserts a specific privilege for each item
or group of items withheld.  Tex. R. Civ. P. 193.3(b).  Further, when the trade
secret privilege is asserted as the basis for resisting production, the trial
court must determine whether the requested production constitutes a trade
secret; if so, the trial court must then require the party seeking production
to show reasonable necessity for the requested materials.  In re Bass,
113 S.W.3d 735, 738 (Tex. 2003) (orig. proceeding) (quoting In re Cont’l
Gen. Tire, Inc., 979 S.W.2d 609, 611 (Tex. 1998) (orig. proceeding)).  Rule
193.4 provides for a hearing with regard to assertions of privilege and for in
camera review if determined necessary by the trial court.  Tex. R. Civ. P.
193.4.

B. 
Analysis

Respondent ordered Southwest and AirTran to produce
“non-privileged documents” responsive to the categories in American’s
subpoena.  However, Southwest and AirTran never produced a privilege log in
response to American’s request for one,[4]
and as no documents were produced, Respondent could not review any of the
documents in camera to determine whether the privilege applied.  Therefore,
Respondent could make no ruling on which documents would constitute the
“non-privileged documents” recited in his order.  Cf. In re Samson Lone
Star, LLC, No. 06-10-00050-CV, 2010 WL 3008670, at *1, 4 (Tex.
App.—Texarkana Aug. 3, 2010, orig. proceeding) (conditionally granting mandamus
relief when trial court’s order was overbroad and indefinite, constituting an
abuse of discretion; the order for “all documents responsive to” request number
11 failed to specify which documents were responsive and the order’s general
nature did not allow the appellate court to consider whether the trade secret
issue was properly preserved, proven, or rebutted as to the “responsive”
documents even despite production of a privilege log).  In essence, the order
leaves the parties in the same position that they were in before the order—with
Southwest and AirTran contending that everything is privileged and that they
should not have to produce anything, and American contending that less than
everything is privileged and that Southwest and AirTran should have to produce
something.

Although neither Southwest nor AirTran complied with
rule 193.3, because Respondent has not had the opportunity to evaluate the
actual materials sought, we conditionally grant relief to allow the parties and
Respondent the opportunity to follow the procedure set out in rules 193.3 and
193.4.  Cf. In re Rio Grande Reg’l Hosp., No. 13-11-00058-CV, 2011 WL
1844453, at *1, 5 (Tex. App.—Corpus Christi Mar. 14, 2011, orig. proceeding)
(mem. op.) (noting that in support of its privilege argument, nonparty hospital
produced 1,000 pages of documents for in camera inspection by the trial court
along with a privilege log purporting to detail the nature of the documents and
stating which privilege was being claimed with respect to each in response to
subpoena); see also In re Monsanto Co., 998 S.W.2d 917, 924–25 (Tex.
App.—Waco 1999, orig. proceeding) (stating that within fifteen days after
receiving the request, the withholding party must produce a “privilege log” and
noting that the withholding party had complied when it served privilege logs
that identified each document by Bates number, number of pages, date, document
title, document type, document traits, author/source (if known), and recipients
(if applicable) and identified the persons receiving a copy of the document and
the privileges asserted as to each document).  We sustain Southwest and AirTran’s
first issue in part, and we modify Respondent’s order to allow Southwest and
AirTran a reasonable time to prepare a privilege log and for the parties to
follow the procedure set out in rules 193.3 and 193.4.

IV.  Conclusion

Having sustained Southwest and AirTran’s first issue
in part, we conditionally grant relief.[5] 
The stay on Respondent’s order will be lifted after Southwest and AirTran have
produced a privilege log and Respondent has had an opportunity to determine
which documents are “non-privileged.”

 

                                                                             PER
CURIAM

 

PANEL:  MCCOY, WALKER, and MEIER, JJ.

 

DELIVERED:  July 12, 2012 









[1]See
Tex. R. App. P. 47.4.





[2]Southwest
and AirTran also claimed that the requests for production were irrelevant,
overly broad, and unduly burdensome.





[3]Southwest
and AirTran were not involved in the drafting of the original protective order
between American and Sabre.





[4]American
responded to Southwest’s privilege claims in a letter to Southwest, stating
that it “should create a privilege log under the Texas Rules for any documents
it withholds on that basis, and American will challenge privilege assertions as
may be appropriate.”  On the first page of its reply to Southwest’s response to
American’s motion to compel, American again asked Southwest and AirTran to
comply with rule 193.3 and provide a log of specific documents with sufficient
information to challenge trade secret claims as to those items.





[5]Based
on our resolution here, we need not reach the remainder of Southwest and
AirTran’s first issue or their second issue.