**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00251-CV**

**IN RE CEDRIC WHEELER**

_____

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 21-11-15735-CV**
_____

**MEMORANDUM OPINION**

In this original proceeding for a writ of mandamus, Relator Cedric Wheeler complains that he lacks an adequate remedy by appeal to correct a clear abuse of discretion committed by the trial court when it granted a pretrial motion filed by Real Party in Interest Montgomery County and struck all of Wheeler's designated non-retained testifying experts on causation in a personal injury case arising from a motor vehicle accident. Wheeler argues he properly disclosed and designated his treating physicians as causation experts, his medical records include adequate opinions regarding the causal link between the motor vehicle accident and Wheeler's reported

post-accident symptoms, that the doctors' opinions are not conclusory, and the trial court's ruling that the opinions were unreliable was necessarily based on evidence outside the medical records. The County argues the trial court acted within the reasonable bounds of its discretion because Wheeler's treating physicians failed to inquire about the patient's history, ignored Wheeler's extensive history of injury to the same area of his body, and relied on a false patient history. The County also contends that mandamus is inappropriate to correct a trial court's evidentiary ruling on admissibility of evidence. We conditionally grant mandamus relief.

The trial court's order stated:

> On this day, the Court considered Defendant Montgomery County's Motion to Strike Plaintiff's disclosed experts as experts on causation of Plaintiff's injuries. The Court, having considered the evidence, pleadings, and argument of counsel, if any, **FINDS** that the experts' opinions are not reliable because the foundational information used to form their opinions is unreliable. The Court also **FINDS** that the conclusory opinions as to causation will not assist the trier of fact in this case. The Court therefore **GRANTS** the motion, and **ORDERS** that all Plaintiff's disclosed experts are not permitted to testify as experts on the issue of causation.

Mandamus is an extraordinary remedy, available when a trial court clearly abuses its discretion and no adequate remedy exists through the filing of an ordinary appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36, 138 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). An abuse of discretion occurs when a trial court's ruling is arbitrary and unreasonable or is made without regard for guiding legal principles or

2

supporting evidence. *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

"A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue." Tex. R. Evid. 702. Expert testimony based on an unreliable foundation or flawed methodology is unreliable and fails to meet Rule 702's relevancy requirement. *TXI Transp. Co. v. Hughes*, 306 S.W.3d 230, 234 (Tex. 2010). "An expert's bare opinion will not suffice[]" and is unreliable if "based solely upon his subjective interpretation of the facts." *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 906 (Tex. 2004).

"An expert may base an opinion on facts or data in the case that the expert has been made aware of, reviewed, or personally observed." Tex. R. Evid. 703. "When an expert's opinion is predicated on a particular set of facts, those facts need not be undisputed." *Caffe Ribs, Inc. v. State*, 487 S.W.3d 137, 144 (Tex. 2016). "An expert's opinion is only unreliable if it is contrary to actual, undisputed facts." *Id*. "'The weakness of facts in support of an expert's opinion generally go to the weight

3

of the testimony rather than its admissibility.'" *In re Fire Alarm Servs., Inc.*, No. 04-22-00160-CV, 2022 WL 2820936, at *3 (Tex. App.—San Antonio July 20, 2022, orig. proceeding) (mem. op.).

In this case, according to the mandamus record which includes copies of reports from Minivasive Pain & Orthopedics, the opinions from the treating physicians appear to have been based on the history related to the treating physicians by the patient in the course of medical treatment provided by the medical doctors to the patient in 2020. Wheeler's failure to inform his doctors that he was treated for prior back pain or prior injuries is something that the defendant can cross-examine the doctors about and is a factor for the finder of fact to consider when determining the weight to give the doctors' opinions, but it does not necessarily mean the opinions are unreliable and inadmissible under Rule 702. *See In re Ebin*, No. 04-19-00528-CV, 2019 WL 5927448, at **2-3 (Tex. App.—San Antonio Nov. 13, 2019, orig. proceeding) (mem. op.).

Here, the trial court excluded all of Wheeler's medical experts' testimony on causation. "Requiring a party to try its lawsuit without expert testimony, only to have the lawsuit rendered a certain nullity on appeal, falls short of a remedy by appeal." *In re Kings Ridge Homeowners Ass'n, Inc.*, 303 S.W.3d 773, 786 (Tex. App.—Fort Worth 2009, orig. proceeding).

We conclude that the trial court abused its discretion, and the relator lacks an adequate remedy by appeal. *Cf. In re Ybarra*, 09-22-00212-CV (Tex. App.—Beaumont August 25, 2022) (this Court denied mandamus relief where the trial court struck one of the plaintiff's treating physician's from testifying on causation based on the failure of the plaintiff to properly comply with the pretrial scheduling order and this Court expressly did not reach the Rule 702 challenge). We are confident that the trial court will vacate its June 15, 2022 Order on Montgomery County's Motion to Strike Wheeler's Disclosed Experts. A writ of mandamus shall issue only in the event the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on August 15, 2022
Opinion Delivered August 31, 2022

Before Golemon, C.J., Horton and Johnson, JJ.